## W. T. CARTER & BRO. v. BROWN.
### (No. 667.)

(Court of Civil Appeals of Texas. Beaumont. April 12, 1921. Rehearing Denied April 20, 1921.)

1. Adverse possession ⬦➡114(2) — Evidence held to sustain finding that title to 160 acres was acquired by adverse possession.

In trespass to try title, evidence that defendant continuously for 10 years cultivated a small portion of land, claiming ownership of the entire tract of 160 acres, and inclosed the land so cultivated with a fence, *held* sufficient to sustain finding of jury that defendant had acquired title to the 160 acres by adverse possession.

2. Appeal and error ⬦➡1015(5)—Finding of trial court as to misconduct of jury not disturbed.

Where the evidence as to misconduct of jury was such as to make it a question of fact for the trial court as to whether jury was guilty of such misconduct, the Court of Civil Appeals will not review the court's action.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Suit by W. T. Carter & Bro. against Vernie B. Brown. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 219 S. W. 292.

---

J. E. Wheat, of Woodville, and S. H. German, of Livingston, for appellant.

Coleman & Lowe, of Woodville, for appellee.

HIGHTOWER, C. J. This suit was filed by appellants, as plaintiffs below, in the district court of Tyler county on February 25, 1919, against the appellee, Vernie B. Brown, as defendant, and other parties came into the case, but no further mention of them is necessary to the disposition here. The suit was in the ordinary form of trespass to try title to a tract of 322½ acres of the Jane Taylor league of land in Tyler county. The appellee, Brown, answered, claiming title to an undivided 160 acres of the tract sued for, based upon the 10-year statute of limitation. The trial was had with a jury, and but one issue was submitted, which was answered in favor of the appellee, this issue being whether appellee had had and held peaceable and adverse possession of the 160 acres of land claimed by him for the full period of 10 years before appellants filed this suit.

It was admitted upon the trial that appellants were the owners of the 322½-acre tract sued for, and were entitled to recover the whole of same, unless defeated as to 160 acres thereof by the plea of limitation interposed by appellee. After its motion for new trial had been overruled, appellants brought the case to this court by appeal, and the main attack upon the verdict and judgment, as shown by the second, third and fourth assignments of error, is upon the ground that the evidence was wholly insufficient to warrant a finding by the jury that appellee's possession, use, etc., of the land claimed by him was of such nature as to constitute adverse and peaceable possession of the same for a full period of 10 years prior to the filing of the suit. We will treat these several assignments as one, and dispose of them together. The evidence adduced upon the trial in favor of appellee, if given credence by the jury, was sufficient to show the following facts:

[1] As early as September, 1908, the appellee entered upon the tract of land sued for by appellants, and commenced a clearing upon it. At that time he was not married, and it seems was living with his father, whose home was about a mile distant from this tract of land. On the 7th day of February, 1909, appellee married, and for a while continued to live with his father, but continued the clearing and fencing that he had commenced on the land in controversy, and in the spring of that year, at the proper time and after his fencing had been done, planted and raised a crop of potatoes, and the following year, 1910, appellee planted and raised another crop of potatoes. Appellee never at any time lived upon the land in controversy, and did not cultivate it himself after the year 1910, but after cultivating it the 2 years mentioned he rented it to his brother, Lee Brown, who, according to the testimony of several witnesses, planted and raised some kind of a crop upon the land in controversy each and every year thereafter, commencing with 1911 up to and including the year 1918. These crops raised by Lee Brown consisted of corn, peas, peanuts, and potatoes. There never was perhaps more than 3 or 3½ acres put in cultivation, but, as stated before, this much was cultivated each and every year for at least 10 consecutive years. According to the evidence favorable to appellee, which was by several witnesses, he at all times claimed 160 acres of the land by reason of his possession and cultivation of the small field mentioned. The testimony favorable to him was further sufficient to show that this small field was at all times during the necessary 10-year period inclosed with a fence sufficient to turn ordinary stock, and, in fact, that it was such a fence as farmers generally in that community had around their farms. It was further shown that when this fence would become out of repair, it was repaired as farmers usually repair their fences, and there was not shown, conclusively, any unreasonable break in the inclosure around this small field. In one of the assignments mentioned, appellant strenuously insists that the proof was wholly insufficient to show that this little field was cultivated during the year 1918, but after a careful inspection and consideration of the record, we cannot sustain this contention, but find, on the contrary, that there was evidence in the record which, if given credence, was sufficient to authorize a finding by the jury that the field was cultivated during the year 1918 by Lee Brown, just as it had been during the years prior thereto. It is true that according to several of the witnesses for appellants, there was no cultivation of the little field in question during several of the years necessary to be computed to make the limitation title complete, but this evidence was only contradictory of that in favor of appellee, and it was the province of the jury to determine this contradiction in the evidence. Several authorities have been cited by counsel for appellants, which they contend support their contention that the evidence in this case was insufficient to warrant the jury's verdict, but without discussing them, we hold that the evidence was sufficient to warrant the verdict.

In the case of Houston Oil Co. of Texas v. Griffin, 166 S. W. 902, the Court of Civil Appeals for the First District affirmed a judgment in favor of a limitation claimant upon facts which, in our opinion, were not as strong in favor of the limitation claim as are the facts in this case, and in that case the Supreme Court of this state denied a writ of error. In the Griffin Case the Court of Civil Appeals, among other things, said:

"Appellant, under appropriate assignments of error, contends, as it did upon the former appeal, that the trial court should have instructed the jury to return a verdict in its favor on the ground that the evidence is insufficient to raise the issue of the adverse possession of appellee of the 160 acres of land claimed by him for 10 years prior to the institution of this suit. This contention is based upon the proposition that the cultivation and use by appellee of the small field of 1 acre on the land in controversy during his minority and while he was living with his father was not a sufficient actual and visible appropriation of the land to put the owner upon notice of appellee's claim to said 160 acres. As said in our former·opinion, it cannot be held as a matter of law that the inclosure and cultivation of a field of 1 acre on a large tract of land is not sufficient possession and use to put the owner of the land upon notice that the person so using and occupying his land is claiming some right or title thereto. The case is not one of encroachment. From the distance the 1-acre field was located from the land owned by appellee's father, where appellee lived with his father, the owner of the land on which the field was situated could not reasonably have supposed that said field was placed on his land by mistake on the part of his neighbor as to the location of his lines, and the rule announced in Bracken v. Jones, 63 Texas, 184; Titel v. Garland, 99 Texas, 201, 87 S. W. 1152, and Bender v. Brooks, 103 Texas, 329, 127 S. W. 168, Ann. Cas. 1913A, 559, does not apply."

It might be said here that the encroachment doctrine has no application to this case, and we think that it will be found, upon consideration of the opinion of the Galveston court, in the case just quoted from, and in which writ of error was denied by the Supreme Court, that the facts there in favor of the limitation claimant were not as strong as are the facts in favor of the claim in this case. We, therefore, overrule all assignments questioning the sufficiency of the evidence to support the verdict.

[2] The only other assignment remaining is the first, by which it is complained that the jury trying this case was guilty of misconduct which was calculated to prejudice the right of appellants, and on account of which misconduct the trial court should have granted a new trial and erred in refusing to do so. It is unnecessary to specify what this claimed misconduct was, but we have carefully gone into the record to which this assignment relates, and have concluded: First. That it was clearly a question of fact for the determination of the trial court as to whether there was such misconduct as was claimed by appellants, and that question of fact having been determined by the trial court against appellants, this court would not review the trial court's action in that regard. In the next place, if we felt authorized to determine that question of fact in favor of appellants, notwithstanding the trial court's action, we do not believe that the evidence bearing upon the claimed misconduct was sufficient to clearly show that any member of the jury was influenced by such conduct to render a verdict against appellants. We shall not go into a discussion of the authorities relating to the misconduct of jurors in the trial courts, but simply call attention to the following cases decided by this court, in which our views are fully expressed: Railway Co. v. Roberts, 196 S. W. 1004; Railway Co. v. White, 202 S. W. 794; West Lbr. Co. v. Tomme, 203 S. W. 784.

It follows from what we have said above that it is the opinion of this court that the judgment in this case should be affirmed; and it will be so ordered.