## CAREY v. PLANTERS' STATE BANK et al.[*]
### (No. 7470.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 6, 1926. Rehearing Denied Jan. 27, 1926.)

1. **Appeal and error** ⟜1015(5)—**Where motion for new trial involved finding of fact, ruling not disturbed on appeal.**

Where determination of motion for new trial on ground that one of jurors was disqualified, involved a finding of fact, ruling denying a new trial will not be disturbed on appeal.

2. **Jury** ⟜131(5)—**Party may ascertain interest of jurors.**

In selection of a jury, defendant had the right to ascertain the interest of jurors in plaintiff bank as stockholder, though bank was being wound up and stock was worthless.

3. **New trial** ⟜99—**Where newly discovered evidence was merely cumulative, and no showing of abuse of discretion, new trial held properly denied.**

Denial of new trial on grounds of newly discovered evidence will not be disturbed, where new testimony was merely cumulative and impeaching, no excuse was furnished for not discovering it sooner, and there was nothing to show arbitrary action or abuse of authority by court.

4. **Appeal and error** ⟜1050(2)—**Bills and notes** ⟜510—**Admission of evidence of notice that note was due held not error and harmless.**

In suit on note, admission of testimony that notice of maturity of note and demand for payment was sent to defendant was not error, and was harmless, where no notice was required.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by the Planters' State Bank against Mrs. Virginia C. Carey, in which C. O. Austin, State Banking Commissioner, intervened and prosecuted suit to final judgment. Judgment for plaintiff, and defendant appeals. Affirmed.

Seabury, George, Taylor & Polk, of Brownsville, for appellant.

Graham & Graham and H. W. Williams, all of Brownsville, and W. T. Carlton, of Harlingen, for appellees.

COBBS, J. This suit was instituted by the Planters' State Bank on January 8, 1924, in the district court of Cameron county, against the appellant, Mrs. Virginia C. Carey, upon two promissory notes, one for the sum of $5,292.54, dated April 22, 1921, payable to the order of said Planters' State Bank, due on demand, providing for interest at the rate of 10 per cent., executed and delivered by appellant to the said bank; the other note being for the principal sum of $3,238.70, dated April 22, 1921, payable to the said Planters' State Bank, due on demand, bearing interest at the rate of 10 per cent. per annum, executed and delivered by appellant to said Planters' State Bank, each of said notes providing for the usual 10 per cent. attorney's fees. C. O. Austin, as banking commissioner of the state of Texas, intervened in this suit and prosecuted the same to final judgment in the district court.

In answer to the suit upon said two notes filed against her, the appellant, Mrs. Virginia C. Carey, filed her original answer and trial amendment, in which it was alleged that she had signed the note for $5,292.54 originally as surety for W. E. Carey, and had signed the note sued on for the purpose of renewing the original note;' that the second and smaller note was without consideration, and that, after executing and delivering both of said notes, she obtained a release from said bank from her liability on said notes by delivering to said bank, and its president, S. A. Thompson, two notes offered in evidence on the trial of this case for approximately the same amounts and of the same dates as the notes sued upon by appellees, which notes, as delivered to said bank, were executed and delivered to her by W. E. Carey, and secured by a deed of trust upon the Harlingen Nursery; that she delivered said notes, executed by W. E. Carey, as thus secured by a deed of trust, to the Planters' State Bank, or its president, S. A. Thompson, with the express understanding that she was to be released from any personal responsibility upon the notes sued upon by appellees. The case was tried in the lower court with a jury, and, upon their answers to special issues submitted to them, the trial court ren-

dered a judgment against appellant for the full amount of the principal, interest, and attorney's fees, as called for in the two notes sued upon by the appellees.

[1] Appellant's first proposition is:

"S. C. Moore, one of the jurors who sat upon the trial of this case, owning $700 of stock at par value in the appellee, Planters' State Bank, at the time of the trial of this case, was biased and interested in the subject-matter of this suit, and was, by reason thereof, disqualified to serve as juror in this particular case, and, appellant having no knowledge of such bias and interest of said juror in the subject-matter of said suit, and said juror having indicated, in his voir dire examination by appellant's attorney, that he was not biased or interested directly or indirectly in this suit, appellant was not guilty of negligence in not discovering that said juror was biased or interested in the subject-matter of this suit, and, the appellant having learned of such juror's bias and interest in the subject-matter of this suit after the trial of this case and the rendition of the verdict of said jury, the trial court abused his sound discretion in refusing to grant appellant's motion for a new trial by reason of the said interest of said juror in the subject-matter of said suit, in that appellant is denied a trial by a fair and impartial jury, which is guaranteed to her under the Constitution and laws of this state."

Upon the hearing of the motion for new trial by the court, the juror Moore testified on his voir dire examination by the appellee's counsel that he owned stock in the Planters' State Bank immediately before it was placed in liquidation by the banking commissioner of Texas, such testimony being:

"While H. W. Williams, one of the attorneys for the plaintiff, was examining me as a juror on my voir dire examination, and before the jury was selected, he asked whether any of the jurors were interested or connected with the Planters' State Bank at the time it closed its doors, and I told him I owned stock in the bank at that time."

[2] The bank was in charge of the banking commissioner to be wound up. The stock was worthless, and in fact the juror as a stockholder had no real interest. However, the appellant was within her right to ascertain the interest, if any. It was her privilege to put such questions to the jurors to show the jurors' interest, if any, in the suit. The court heard the testimony introduced on the motion, which involved a finding of fact, and found against appellant and that finding will not be disturbed.

[3] Appellant in her second proposition contends:

"It being a material issue to appellant's defense in this case as to whether or not the appellee, Planters' State Bank, acting through its president, S. A. Thompson, agreed with appellant to release her from liability upon the notes sued upon by the appellee in this case, in consideration of appellant delivering to said Planters' State Bank, by delivering to its pres-

ident, S. A. Thompson, the two notes offered in evidence upon the trial of this case, executed and delivered by W. E. Carey, and payable to appellant, secured by a deed of trust upon the Harlingen Nursery, which deed of trust was also offered in evidence upon the trial of this case, and, since the rendition of the verdict in the case and the judgment upon said verdict against appellant, appellant having discovered that W. D. Jeffries would testify that the appellee, Planters' State Bank, acting through its president, S. A. Thompson, represented to the said W. D. Jeffries that the said appellee, Planters' State Bank, was holding the said two last-named notes executed by W. E. Carey, payable to appellant, and the deed of trust on the Harlingen Nursery as security therefor, and that, as to the notes sued upon by appellee in this case, said appellee, bank, was not looking to appellant or expecting to hold her liable on said notes, but had taken the said W. E. Carey's notes and deed of trust in lieu thereof, and such testimony not being cumulative evidence, the trial court abused its sound discretion in refusing to grant appellant's motion for a new trial on said newly discovered evidence of said W. D. Jeffries, in that appellant was not negligent in not discovering said evidence, and in all probability, upon another trial, if said newly discovered evidence were admitted before the jury or the court, the same would change the results of the trial of this case, upon such other trial."

Among other things, W. D. Jeffries testified he lives at Harlingen, Tex.:

"I could not say whether S. A. Thompson did or did not make any statement to me with reference to these notes and deed of trust, having any relation to the two notes sued upon by the bank, but I think he did. I think he said the bank was depending on the deed of trust for its money, and that the notes sued upon had no bearing. I was president of the bank after that, and for a short while before it went into liquidation. There are some lawsuits pending here arising out of my purchase of stock in the bank in which S. A. Thompson is interested on one side and I on the other. With reference to that I do not feel kindly towards Mr. Thompson. You might say I have lived in Harlingen continuously for two years. I have been in Harlingen continuously during the past two months. Judge Taylor, of counsel for defendant in this case, has been one of my attorneys in the litigation above mentioned since that litigation started."

V. W. Taylor, one of the attorneys for appellant, testified on the motion for a new trial:

"Notwithstanding the fact that I, as Mrs. Carey's attorney, knew Mr. Jeffries had been the president of the Planters' State Bank for some time, and had been in control of its paper, and that I knew this case would involve the questions now in issue, I never did ask him about this particular thing. I just relied on the fact that my client would tell me the truth. I don't know that Mr. Jeffries remembered or had any knowledge of this particular transaction."

S. A. Thompson testified on behalf of appellee on the motion for new trial:

"I remember having sold to Mr. Jeffries stock in the Planters' State Bank. Neither before or after I sold him this stock did I ever take these notes involved here, and discuss them or their value with him. I never saw these notes until I testified on the trial the other day, and I never told Mr. Jeffries, or any one else in his presence, nor did I ever tell any one else, that these notes Mr. Carey had given his mother, and the deed of trust given to secure their payment had been accepted by the bank in lieu of the notes given to the bank by Mrs. Carey. At that time I was not handling the property of the bank. This paper was being handled by Mr. Brown. Mr. Jeffries never asked me to go over the paper in the bank with him. Prior to making the trade with Mr. Jeffries, I did not represent to him that the notes in the bank were well secured and that they were good and collectible. I said there were lots of bad notes in the bank."

We do not think the testimony of Jeffries really raised an issue. He was in doubt as to whether Thompson made the statement "with reference to these notes and deed of trust having any relation to the two notes and deed of trust sued upon by the bank, but I think he did."

Thompson, as shown above, denied making such statement unequivocally and in toto. The court had the witnesses before him, heard them, and saw their manner of testifying, and was in far better position than we to pass upon the matters contained in the motion, and, as there is nothing to show arbitrary action or abuse of authority on the part of the court, we must affirm his judgment.

Since this alleged newly discovered evidence would only be cumulative and impeaching in its nature, and besides no sufficient excuse is furnished for not discovering the same sooner, the motion cannot be entertained on the ground set forth.

[4] It was not error to permit Brown and Thompson to testify that they prepared written notices and placed them in an envelope, properly stamped and addressed to appellant, that the notes were due, and demanding payment of these notes, and sent by mail. Notice was given her of the maturity of the notes. No notice was required, and such evidence of notice was harmless.

Finding no reversible error assigned, the judgment of the trial court is affirmed.