### LACKEY et al. v. SOUTHLAND GREYHOUND LINES, Inc.
### No. 8541.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1931.

Rehearing Denied March 4, 1931.

Edward Dwyer, P. H. Long, and A. S. West, all of San Antonio, for appellants.

Walter Groce, Sylvan Lang, and Morris Wise, all of San Antonio, for appellee.

SMITH, J.

Etta R. Lackey and her husband, Tom Lackey, journeying along a public highway, parked their car on one side of the road for repairs. Mrs. Lackey remained seated in the car while her husband got out to make the repairs. A large passenger bus belonging to Southland Greyhound Lines, Incorporated, and operated by one of its drivers, collided with the rear of the Lackeys' parked car, injuring Mrs. Lackey. She and her husband brought this suit against the bus company for damages, but judgment was rendered against them in consequence of a jury finding that the accident was proximately caused by the negligent position in which Lackey had parked his car in the roadway. The Lackeys appealed, and seek reversal upon the sole ground that the jury was guilty of misconduct in reaching their verdict. There is no statement of facts with the record.

It is contended that the jury offended the proprieties in three particulars: First, that in their deliberations "some one in the jury room mentioned to the other jurors that the (appellee) is fully insured to cover all damages"; second, that after agreeing to give appellant $2,500 in damages, some of the jurors told "the others that the attorneys were to receive half; therefore, instead of giving $2500 they must make it $5000," which amount they agreed upon and found; third, that some of the jurors made the statement "in the jury room (while considering their verdict, and after agreeing to give the plaintiff a certain amount of damages), that 'it doesn't make any difference how we answer question No. 5 (c)' (said question being as to plaintiff's husband's contributory negligence), 'it will not affect plaintiff's recovery.'"

■ In the absence of a statement of facts, it is impossible to determine if the discussion of the matter of insurance in the jury room constituted misconduct; for such discussion may have been warranted by the evidence. In any event, the discussion would, in its very nature, inure to the benefit of appellants rather than of their adversaries, and no presumption of injury to appellants could arise from the incident. We overrule appellants' first proposition.

■■ The discussion concerning attorney's fees constituted flagrant misconduct, unless, indeed, the evidence in the case warranted it, which is difficult to surmise. But, however reprehensible that conduct may have been, appellant is in no position to complain, since it resulted in doubling the amount of damages the jury awarded to appellants, and which they would have recovered but for adverse findings upon other issues. Appellants' second proposition is accordingly overruled.

■■ Four jurors testified at the hearing of appellants' motion for new trial. Appellants contend that the testimony of these witnesses conclusively established the fact of misconduct set up in appellants' third ground of complaint, which is, in effect, that the jury resolved special issue No. 5 (c) against appellants upon the question of contributory negligence, in the erroneous belief that their answer to that issue was rendered immaterial by reason of their further finding that appellants had been damaged in the sum of $5,000; that when the jury reached this issue in the charge they passed over it and first determined the amount of damages; and that upon the statements of some of the jurors that it did not then matter how they answered the issue of contributory negligence, it would not affect appellants' right to recover, the jurors then returned to special issue 5 (c) and answered it in the affirmative, contrary to the true belief of some of the jurors. We have very carefully considered all the evidence concerning this transaction, and have reached the firm conclusion 'that the fact of misconduct was not conclusively established, and remained a question to be determined in the discretion of the trial judge. The testimony warranted the implied findings of the trial judge that the jury separately considered and answered each issue in its due order and without material reference to its relation to any other issue, or to the whole case, in accordance with both the letter and spirit of the statute. It is true that one or two of the jurors testified that there was some vague discussion of the effect of the finding of contributory negligence upon appellants' right of recovery, but the evidence as a whole warranted the trial court's implied finding that this discussion was cursory and inconclusive and had no material influence upon the jurors' findings. Certainly the testimony did not show that the jury's finding upon contributory negligence would have been different but for such discussion. The most that may be said in support of appellants' contention is that the testimony raised an issue of fact as to whether or not there was misconduct in the particular urged, which question the trial judge in his discretion resolved against appellants. That finding is amply supported by the testimony, and is binding upon this Court. We overrule appellants' third and fourth propositions of law, and the judgment will be affirmed.