**CALLAHAN v. HESTER.**

No. 2445.

Court of Civil Appeals of Texas. Eastland.

April 28, 1944.

Rehearing Denied May 26, 1944.

M. M. Feagin, E. A. Coker, and V. A. Collins, all of Livingston, for appellant.

Campbell & Foreman, of Livingston, for appellee.

LESLIE, Chief Justice.

Addison Hester, a planer feeder, instituted this suit for personal injuries against A. M. Callahan, a sawmill operator eligible to be a subscriber to the Workmen's Compensation Law, Article 8306 et seq., Vernon's Ann.Civ.St., but a nonsub-

scriber thereto. He alleged such injuries to his hand, arm and other parts of his body were proximately caused by the negligence of Callahan in allowing the floor to be slick about the planer and failing to protect the pulleys, belts, cog wheels and apron of said planer. He also sought damages for physical pain and mental suffering, both in the past and in the future.

The defendant entered general and special denials, and upon the trial before the court and jury, the latter in response to special issues, found that the appellant Callahan was guilty of several acts of negligence proximately causing plaintiff's injuries. The jury also found that plaintiff's injuries were not due to an unavoidable accident. The court entered a judgment in favor of the plaintiff upon the verdict for the sum of $18,000.

The jury convicted defendant of negligence proximately causing his injuries on the following grounds:

(1) That defendant was guilty of negligence in furnishing plaintiff with a planing machine to feed, without placing guards over the belts to the left side of the machine.

(2a) That defendant allowed the floor to the left of the planing machine at which plaintiff was required to work to become slick.

(2b) That defendant was guilty of negligence in failing to put some character of covering on the floor on the left side of said machine to prevent its slick condition.

(3) That defendant was guilty of negligence in providing the planing machine, at which plaintiff was required to work, with an apron or table over which the lumber was fed with open holes therein approximately 2¼ inches wide by 6 inches long.

(4) That the defendant did not use ordinary care in furnishing the plaintiff with a reasonably safe place to work.

(5) That defendant did not use ordinary care in furnishing plaintiff with reasonably safe machinery with which to work.

(6) That plaintiff, Addison Hester, was not guilty of negligence in undertaking to remove the sliver from the planing machine without having first stopped said machine by the use of the means at hand.

■ Appellant's Points 1 and 1a are in substance the same and are briefed together. By these contentions appellant makes the point that the court committed reversible error in requiring him to testify over the objection (that the answers would be irrelevant and immaterial) that he, appellant, had transferred (1) the sawmill to his family, and (2) the approximate date of such transfer subsequent to the injury.

In the beginning of the trial the litigants stipulated as follows: "It is stipulated that A. M. Callahan as defendant, as the sole owner of Callahan Lumber Company, was engaged in the operation of a saw mill about seven miles east of Livingston, Polk County, Texas, at the time of the Plaintiff's alleged injuries, and that he at that time had in his employ more than three persons and was subject to the terms of the Workmen's Compensation Law of the State of Texas, but had failed to become a subscriber under said law and was not a subscriber at the time the Plaintiff received the injuries he so received."

Further, and without any objections on his part, the appellant Callahan (called to the stand by appellee) testified in part as follows:

"Q. You own and operate a saw mill there? A. I operate one.

"Q. Do you own one? A. No, sir.

"Q. Who owns it? A. Well, it is on record in the County Court house.

"Q. I am asking you who owns it? A. I manage it.

"Q. Who owns it?

"Mr. Feagin (attorney for appellant): Just answer it.

"A. A. M. Callahan, Jr., and Roy S. Callahan and Mrs. Alma David.

"Q. At the time that this boy received whatever injuries he might have received out there in March of last year, you owned the Callahan Lumber Company yourself? A. Yes, sir."

On the record presented we do not see that the evidence of the particular date of the transfer added any prejudicial matter to what Callahan had already testified without objection. He had also testified he was still managing and operating the sawmill in the same manner as formerly.

Further, such matters as are complained of would not, under the circumstances, be reasonably calculated to cause the rendition of an improper verdict by the jury. Rule 434, Vernon's Texas Rules of Civil Procedure.

■ In his brief the appellant in his argument or statement relating to Points 1

and 1a complains of certain remarks by appellee's counsel to the effect that the appellant owned the sawmill at the time of the trial, and that he could prove it; and that appellant also owned a store in which he took up sawmill checks issued to his employees, etc. These statements appear to have been made to the Court in the discussion of the admissibility of testimony, etc. Such remarks were not objected to in the trial, and the court was not asked to instruct the jury to disregard the same. Further, the matters just mentioned were not complained of in appellant's motion for new trial and in no way appear germane to the assignments of error or the subject matter on which Points 1 and 1a are predicated. These points are, therefore, overruled. Under Rules 320, 324 and 374, Texas Civil Procedure, no material or reversible error was presented or shown.

■ Point 2 is based upon the exclusion of testimony offered through Dr. Flowers. The answer which the Doctor would have given to the question propounded is as follows: "It is my opinion that he would have a permanent and total disability of 25 per cent in that left arm."

In seeking to introduce the Doctor's opinion that appellee had suffered a 25 per cent impairment in his left arm, the counsel for appellant stated in substance to the court that his purpose in offering such testimony was to show appellee's general earning capacity had not been reduced in excess of 25 per cent in the opinion of the Doctor. The appellee objected that such testimony was not admissible to show such impairment (25 per cent) of his general earning capacity which appellee alleged he had suffered to the extent of 75 per cent general. This being a common-law action for negligence, as contradistinguished from a workmen's compensation claim, and the testimony pro and con relating to appellee's alleged injuries and suffering having been fully developed, the exclusion of the Doctor's opinion on a partial impairment as to the left arm only shows no reversible error. The tendered testimony did not take into consideration the other alleged injuries to appellee.

■ Appellant's Points 3, 4, 5, 6, and 6a pertain to the trial court's alleged errors in failing to submit requested issues and charges on assumed risk. These points are overruled for the reason that under the facts of this case, where the appellant Callahan was subject to the Workmen's

Compensation Law but did not become a subscriber thereunder, such defense was not available to him. United East & West Oil Co. v. Dyer, 139 Tex. 318, 162 S.W.2d 680; Foster v. Carle, Tex.Civ.App., 160 S.W.2d 999.

As stated, this is a common-law negligence action and there is no question about the employee or plaintiff's showing that he was injured in the course of his employment and while acting in the furtherance of his employer's business, as defined by the statute. The appellant was convicted on various grounds of negligence proximately causing appellee's injuries. Authorities supra; West Lumber Co. v. Smith, Tex.Com.App., 292 S.W. 1103.

■ On the questions of the jurors having discussed and considered attorney's fees (Point 7) and insurance (Point 11) while deliberating on the verdict, the evidence was conflicting as to any such occurrences, and after the testimony relating to such issues was fully developed the trial court overruled motion for a new trial and specifically found: "The Court is of the opinion and further finds that the Jury did not discuss or consider either insurance or attorney's fees during their deliberation of their verdict."

The evidence supports the Court's conclusion, and these points are overruled on the authority of such cases as Walker v. Quanah, A. & P. R. Co., Tex.Com.App., 58 S.W.2d 4; San Antonio Traction Co. v. Cassanova, Tex.Civ.App., 154 S.W. 1190; W. T. Carter & Bro. v. Brown, Tex.Civ. App., 230 S.W. 889; Carey v. Planters' State Bank et al., Tex.Civ.App., 280 S.W. 251; Lackey v. Southland Greyhound Lines, Inc., Tex.Civ.App., 35 S.W.2d 739; 3 Tex.Jur. p. 1106, sec. 773.

■ As said in the Walker case [58 S.W.2d 5]: "Where there is a disputed issue of fact as to whether the misconduct actually occurred, such issue is for the trial court, and his findings on a disputed issue of fact should not be disturbed by an appellate court, where such findings are supported by the record * * *."

■■ Points 8 and 9 (briefed together) involve further alleged misconduct in the handling of the jury during its deliberations. Point 8 charges reversible error to the court in having the jury brought into the court room and making certain inquiries as to the progress of their work. In open court, in presence of counsel for both parties, and

none objecting or excepting, the court merely inquired as to the progress the jury was making in its deliberations and sent them back for further consideration of their verdict. Nothing irregular or oppressive occurred, and this point is overruled. Houston & T. C. R. Co. v. Darwin, 47 Tex.Civ. App. 219, 105 S.W. 825, writ refused. Point 9 alleges misconduct on the part of the deputy sheriff in charge of the jury in that he went to the jury room and took up a set of dominoes with which some of the jurors had been playing. The evidence on both these issues was fully developed, and at the conclusion thereof the trial court overruled the motion for a new trial and made the finding: "The Court further finds that when the dominoes were removed from the jury room, it was done by the bailiff, on his own initiative, and without any statement of any kind that the Court ordered it, and in truth and in fact, the Court had not so ordered it done, but only authorized the bailiff to remove them should he deem it advisable."

The evidence generally is to the effect that the bailiff removed the dominoes without comment, and the court's finding on sufficient evidence that such was done by the bailiff without comment is conclusive on the matter and shows that no error was committed and no injury resulted. Evidently it reasonably appeared to the trial court from the evidence, both on the hearing of the motion for a new trial of the case and from the record as a whole, that no injury resulted to the complaining party from the matters above charged. Rules 327, Texas Rules Civil Procedure.

Appellant's point 11, involving an alleged discussion by the jury of the question of insurance, has been hereinbefore considered and overruled for the reasons there assigned. If the matter was mentioned at all, it was in the sense that no insurance was carried.

■ Point 12 asserts misconduct of the jury in discussing the financial ability of appellant and appellee. On this issue, as in the case of others, the trial court heard an abundance of testimony, and found in favor of the appellee by overruling the motions for a new trial. So many questions of the above nature were raised concerning alleged misconduct of the judge, the bailiff and the jury, that the court after a painstaking hearing overruled the motion for new trial and expressly confirmed this and other findings by entering the following order with reference to said motion: "The Court further finds that no error was committed in the trial of this cause, in the instructions given and those excluded, the conduct of the court, or jury, or bailiff, in charge of the jury, and that said motion is not well taken, and should be overruled, and it is accordingly ordered, adjudged and decreed by the Court that the same be and is hereby overruled."

After a careful consideration of the briefs and the testimony involved in the foregoing issues, we readily conclude that on the issues of facts presented, the court's conclusions are well supported by the testimony, and said points are overruled. The trial court did not abuse his discretion in overruling the motion for new trial.

■ The conduct of the court in handling of the jury is further criticized in permitting the jury standing in its room near the judge to pass the charge to him, the judge and the jury being in close proximity and the door between them standing ajar. In a substantial sense the jury, according to the testimony, was in plain view or close proximity to the court. There was much testimony with reference to this incident, and the court has specifically found with reference to this issue as follows: "The Court further finds that after the completion of the jury's answers to Special Issues submitted which was after they had been sent back to answer Special Issues 10, 11, 12 and 13, that the jury was standing just inside the jury room with the door ajar, sent the charge to the Court by the bailiff, which was only a few steps from the jury room, with some of the jurors standing in plain view at the time, and all attorneys for both parties in the Court room at which time the Court sent the charge back by the bailiff immediately without looking at it, telling the bailiff that the charge speaks for itself, at which time the bailiff returned the charge to the jury without comment, at which time the jury had already completed their answers to the issues submitted and no changes were made, and no additional answers given, and no exceptions taken by attorneys for defendant."

No further statements of the facts and circumstances surrounding the above incident are deemed necessary and we overrule the point upon the authority of Compton v. Jennings Lbr. Co., Tex.Civ.App., 295

S.W. 308, and Wichita Falls Compress Co. v. W. L. Moody & Co., Tex.Civ.App., 154 S.W. 1032.

The only remaining assignment challenges the verdict and judgment for $18,000 as being excessive. There is no accurate scale for measuring the money value of the damages sustained by the plaintiff by reason of his injuries, and an excessive verdict does not necessarily show passion and prejudice. Each case must be considered upon its own particular facts. We have carefully read the testimony, and considering the verdict of $18,000 in the light of the most favorable view of the evidence as to plaintiff's injuries and comparing the verdict with others which have been approved or permitted to stand in cases of like nature and similar injuries, we are of the opinion the verdict was excessive, and that a verdict of $10,000 would be more in accordance with the merits. If the appellee will file a remittitur of the amount of said verdict over and above $10,000 within fifteen days of the date of this opinion the trial court's judgment will be affirmed for $10,000; otherwise, the judgment will be reversed and the cause remanded for a new trial.