Lester Dean **POTTS** et ux., Appellants,

v.

**JOSKE'S OF HOUSTON** et al., Appellees.

No. 14755.

Court of Civil Appeals of Texas.

Houston.

Sept. 8, 1966.

Lott & James, Jim L. DeFoyd, Houston, for appellants.

Gay Brinson, Jr., Houston, Vinson, Elkins, Weems & Searls, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is a suit for damages resulting when the automobile which appellant, Edith Potts, was driving was struck from the rear by a truck owned by appellee, Joske's of Houston. The jury failed to find negligence on the part of the driver of the truck; found · contributory negligence on the part of Edith Potts; and found that mechanical failure caused the automobile to stop and was the sole proximate cause of the collision. Based on these findings of the jury the trial court entered a judgment in favor of the defendants, and plaintiffs appeal.

Mrs. Potts testified that she was driving to work on the Gulf Freeway in the City of Houston in the middle lane of the three inbound lanes of that highway. As she reached the top of an overpass she heard a clanking noise in her car and it stopped suddenly. The car began to slow down and when it reached the bottom of the incline she removed her foot from the accelerator and it stopped. She then looked in her rearview mirror and saw the truck. She braced herself and the collision followed. She testified that prior to the trouble she was going about 45 miles per hour.

The officer investigating the accident located the point of impact as being 150 feet from the top of the overpass. He found no skidmarks behind the Potts vehicle and 53 feet of skid marks behind the truck. He estimated the speed of the truck as approximately 45 miles per hour. He testified that the recognized safe following distance is one car length for each ten miles per hour of speed.

The driver of Joske's truck testified that he was following the Potts' car at a distance of about five car lengths and at a speed of 40 to 45 miles per hour; that he saw something fall under the car and then noticed it slowing down. He immediately applied his brakes, but could not stop before the collision. He testified that there was traffic in the lanes on both sides of the lane in which he was driving. He also testified that Mrs. Potts gave no hand signal and that the stop lights on her automobile were never activated.

The driver of the automobile behind the truck also testified. He could not see the Potts car because of the truck. He was driving about 40 miles per hour. When the stop lights on the truck were lighted he applied his brakes and was able to stop without colliding with the truck. He testified that he was following at about five car lengths.

The officer also testified that generally one second is required for a person to react to a situation. He testified that a person cannot stop a vehicle in 50 feet and that the recommended following distances are based on reaction time rather than measured stopping distances. He testified that one and one-half times the speed gives an approximate stopping distance.

■ The primary negligence issues concerned speed, look-out, application of brakes, following too closely, and failure to turn. While the evidence might well have sustained findings of negligence on the part of the driver of the truck on one or more of these issues, the preponderance of the evidence was not such as to indicate that the contrary findings were clearly wrong. Appellants' first point of error cannot be sustained. Le Master v. Fort Worth Transit Company, 1942, 138 Tex. 512, 160 S.W.2d 224.

■ In the motion for new trial appellants alleged jury misconduct which materially affected the verdict returned by the jury. The testimony produced at the hearing on the motion resulted in questions of fact as to whether there was jury misconduct. There was considerable testimony that liability insurance rates, and the effect on such rates of large awards, were discussed in connection with the damage issues after the liability issues were answered. The implied finding of the trial court that there was no material misconduct on the part of the jury is supported by the evidence and is accepted as final. In any event, we have reviewed the entire record and because of the probability that this discussion occurred, if it did, after the primary negligence issues were answered, we cannot say that injury probably resulted to appellants. Rule 327, Texas Rules of Civil Procedure; Barrington v. Duncan, 1943, 140 Tex. 510, 169 S.W.2d 462; Callahan v. Hester, Tex.Civ.App.1944, 181 S.W.2d 294, error ref.

■ Since appellants failed to secure jury findings establishing negligence on the part of appellees, the trial court was required to enter a judgment on the verdict in favor of appellees. The other points of error presented by appellants are immaterial since they relate to issues submitted to the jury which became immaterial on the failure of the jury to find primary negligence. Southern Pine Lumber Company v. Andrade, 1939, 132 Tex. 372, 124 S.W.2d 334; Price v. Leon, Tex.Civ.App.1947, 202 S.W.2d 309.

The judgment of the trial court is affirmed.