Dessie Mae **GILBERT** et vir, Appellants,

v.

Frank **SHINEE**, Appellee.

No. 4899.

Court of Civil Appeals of Texas, Waco.

Oct. 29, 1970.

Clair F. Achenbach, Dallas, for appellants.

Thompson, Knight, Simmons & Bullion, Timothy E. Kelley, Dallas, for appellee.

HALL, Justice.

Dessie Mae Gilbert, joined by her husband, brought this action for personal injury and property damages after the Lincoln automobile of the appellee-defendant, Frank Shinee, which he was driving, ran into the rear of plaintiffs' Cadillac automobile. Jury trial resulted in a judgment, rendered on the verdict, that plaintiffs "take nothing" and they have appealed. We affirm the judgment.

The plaintiffs complain of findings of the jury which exonerated the defendant of certain alleged negligent acts; and of other findings which determined that negligent acts committed by the defendant were not a proximate cause of the collision; and of answers of "none" to damage issues made after the jury had found that Mrs. Gilbert sustained personal injuries as a result of the collision.

Additionally, the jury found that Mrs. Gilbert failed to keep a proper lookout, and that this act was a proximate cause of the collision; that she "backed her automobile into the path of the defendant's automobile," and that this act was negligence and a proximate cause of the collision. In an action of this nature, a plaintiff's contributory negligence proximately causing injury is a bar to recovery against the defendant, and thereby renders questions of the defendant's negligence and plaintiff's damages immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (1939); Parrott v. Garcia (Tex. Sup.1969), 436 S.W.2d 897, 901. However, the plaintiffs contend that the findings convicting Mrs. Gilbert of negligent acts that contributed to the cause of the collision are all against the greater weight and preponderance of the evidence.

Mrs. Gilbert testified that at the time of the collision she was driving her vehicle north in the 5100 block of Greenville Avenue in the City of Dallas. Her friend, Walter Ealy, was seated on the passenger's side of the front seat. She said she was going "straight up Greenville;" that she was going to stop at the Pizza King Restaurant and was looking for a parking place; that there were no cars in front of or behind her; that she saw a parking place, looked in her rear-view mirror, and turned on her signal for a right turn; that she did not see anything in the rear-view mirror; that she put on her brake and was "just fixing to turn" to her right when she was hit. At different times in her testimony she stated, "I had just seen the empty parking space and looked back to see, you know, if anyone was coming, both ways, and turned on my signal, when I was hit. * * * I had on my signal light and was in the process of turning when I was hit. * * * The best I remember, I hadn't started to turn, I was getting ready to turn. * * *" She said that she received no warning that the defendant was going

to strike her car; that after the collision she asked him "how come him to hit me, and he said he just didn't see me." She admitted that her automobile was propelled at an angle to its right off Greenville Avenue by the force of the collision. She set the time of collision at approximately 11:00 P.M.

Walter Ealy testified that he had known the Gilberts for about one and one-half years, and verified Mrs. Gilbert's testimony that he was a passenger in her car when it was struck by the defendant. He said they were going to the Pizza King Drive-In; that as they "turned in" they got hit from the rear; that the Gilbert vehicle was "in the turn * * * headed into the parking place;" that he had no idea where the defendant's automobile came from; that he did not notice any traffic behind them; that the lights and turn signal on the Cadillac were "on."

Mr. Gilbert arrived at the scene shortly after the collision. He stated that when he asked the defendant "why his car hit the Cadillac, he just made the remark that he just didn't see it."

The defendant stated that the collision occurred on Greenville Avenue between the entrances to the Pizza King and the Den Lounge next door, "approximately between the two of them;" that it was a clear, cool night; that the road was dry and level; that he was looking off to his right, and that when he looked forward there was the Cadillac in front of him; that "it was right there, I mean I had no chance to put on my brakes or anything;" that he did not observe a turn signal on the other vehicle; that he did not have time to blow his horn, or put on his brakes, or turn to his right or left. He said that he does not know whether the Cadillac was backing at the time of collision or not, but that the impact was at an angle and that the cars did not hit "center to center." He testified that the debris of the collision "was off the side of the road a little bit from the center line."

Jack M. Wilson, a city police officer, investigated the collision. He expressed opinions that the point of impact was five feet west of the east edge of the shoulder of the road; and that the damage was more or less uniform across all of the front of the defendant's car. He testified that the defendant gave him these two versions of the collision: "First of all, he said all of a sudden this other car started backing out from the parking lot in front of him and he was going north on Greenville Avenue * * * He said he thought the car was backing onto the street. * * * A few minutes later he said he was back near Milton Street, and he was looking to his right on the parking lot there at the Pizza Drive-in * * * for some reason he was looking to the right, and when he looked back, there she was. Those were the two statements he made."

David Rash testified that he is 25 years of age; that he is a mechanic for Coca-Cola Bottling Company; that he attends classes at Dallas College of Southern Methodist University and at Dallas County Junior College; and that prior to the collision he was not acquainted with any party to it. He said that he was standing about 70 feet from the point of the collision and that he witnessed the impact of the vehicles; that when he first saw the Cadillac it was "backing out, * * * traveling backwards out into the street * * * backing up into the lane of traffic;" that he could not tell whether the Cadillac had stopped or was still backing at the time of the collision, but if stopped "it was just for a second;" and that he first observed the defendant's vehicle when it was about three feet from the Cadillac. Mr. Rash emphatically repeated that he saw the Cadillac automobile backing out of the parking lot onto Greenville Avenue.

A careful review of the entire record convinces us that the evidence is factually sufficient to support the jury's findings that Mrs. Gilbert was guilty of contributory negligence proximately causing the collision.

Three additional points of error have not yet been discussed. Two of those are not properly preserved for appellate review. All are without merit. They are overruled.

The judgment is affirmed.