**Alice Faye WILSON, Appellant,**

v.

**Carolyn H. WHITCHER, Appellee.**

No. 17282.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 11, 1972.

Rehearing Denied March 10, 1972.

George Busch, Inc., and Laurance L. Priddy, Fort Worth, for appellant.

Brown, Herman, Scott, Dean & Miles, Massie Tillman and J. Shelby Sharpe, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This was a suit for damages arising out of a rear-end automobile collision. In the trial court the plaintiff, Alice Faye Wilson, was denied a recovery on her action, and the defendant, Carolyn Whitcher, was awarded a judgment for $700.00 in damages against the plaintiff on her cross-action. The plaintiff has appealed.

The facts were that the plaintiff had been having car trouble and drove into a filling station where the attendants worked on the choke to her car. Believing it to be fixed, plaintiff then drove her car out of the private driveway of the filling station into the right-hand lane of the highway going east (Camp Bowie Boulevard, in Fort Worth), where her car motor again died and the car stopped in the busy roadway. Defendant's automobile, also traveling east on Camp Bowie in the same lane, then collided with the rear-end of plaintiff's car causing the damages here involved.

Appellant's first point is that the trial court erred in refusing to give her requested instruction as to the law on sudden emergency.

Appellant had pleaded in substance that the sudden emergency arose upon the occasion in question at the time her car stalled, without warning to her, and that she did not thereafter have time to take any action other than to try to start the car, and that she had no time for deliberation. She alleged that after the emergency arose she acted as a person of ordinary prudence would have acted under the same circumstances.

The purpose of invoking the sudden emergency doctrine is simply to lower

the standard of care required during the existence of the emergency. That doctrine is not an independent ground of recovery or of defense. Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386 (1951).

If, prior to the time the claimed sudden emergency arose, the plaintiff was guilty of negligence that proximately caused the wreck, then the sudden emergency doctrine would not be applicable, because it, under those circumstances, could have no bearing on the issue that determined the outcome of the case. Higginbotham v. Ritchie, 367 S.W.2d 210 (Fort Worth Tex.Civ.App., 1963, no writ hist.) and Booker v. Baker, 306 S.W.2d 767 (Dallas Tex.Civ.App., 1957, ref., n. r. e.).

That situation existed here. The defendant had pleaded that the wreck in question was proximately caused by plaintiff's negligence in failing to yield the right-of-way to defendant's car. The applicable law was Art. 6701d, Sec. 74, Vernon's Ann.Civ.St., which provides: "The driver of a vehicle about to enter . . . a highway from a private . . . driveway shall yield the right-of-way to all vehicles approaching on said highway." In response to appropriate special issues the jury found that plaintiff failed to yield the right-of-way to defendant and that such failure was a proximate cause of the wreck.

This failure to yield the right-of-way was an act of negligence that occurred prior to the time the claimed emergency ever arose. In fact this failure to yield the right-of-way was one of the things that caused the emergency to arise.

Under the holdings in the Higginbotham and Booker cases, supra, the doctrine of sudden emergency was therefore not applicable to the facts of this case and the court did not commit reversible error in failing to submit the requested instruction.

In addition to what we have said, the jury's verdict established that defendant committed no negligence at all on the occasion in question and found plaintiff guilty of contributory negligence that proximately caused the wreck. As said, this contributory negligence was in failing to yield the right-of-way, which failure occurred prior to the time the emergency ever arose.

These jury findings were supported by the evidence in the case.

The jury findings establishing that defendant committed no act of negligence upon the occasion in question and that plaintiff was guilty of contributory negligence that occurred prior to the time the emergency arose were a complete bar to a recovery in this case by the plaintiff, and such findings entitled defendant to a recovery on her cross-action.

Under such circumstances the question of whether the court erred in refusing to give the instruction on sudden emergency became immaterial, and even if error, it was harmless in view of the fact that the claimed emergency did not occur until after the act of contributory negligence found by the jury had already been committed. Such requested instruction therefore in no way related to or had a bearing upon the issues that the jury answered that determined the outcome of this case. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (Tex.Com.App., 1939); Potts v. Joske's of Houston, 406 S.W.2d 535 (Houston Tex.Civ.App., 1966, no writ hist.); Price v. Leon, 202 S.W.2d 309 (Galveston Tex.Civ.App., 1947, ref., n. r. e.); Delhi Pipeline Corporation v. Lewis, Inc., 408 S.W.2d 295 (Corpus Christi Tex. Civ.App., 1966, no writ hist.); L. B. Foster Steel Co. v. Moorhead, 382 S.W.2d 280 (Houston Tex.Civ.App., 1964, no writ hist.); Riley v. Crossley, 383 S.W.2d 427 (Houston Tex.Civ.App., 1964, no writ hist.); Gilbert v. Shinee, 461 S.W.2d 177 (Waco Tex.Civ.App., 1970, no writ hist.); Buchanan v. Central Freight Lines, Inc., 462 S.W.2d 391 (Dallas Tex.Civ.App., 1970, ref., n. r. e.); Burns v. Bridge Engineering Corporation, 465 S.W.2d 427 (Houston Tex.Civ.App., 14th Dist., 1971, ref., n. r.

e.); and Pacific Coast Engineering Co. v. Trinity Const. Co., 467 S.W.2d 635 (Houston Tex.Civ.App., 1st Dist., 1971, writ granted).

We overrule plaintiff's first point for the reasons stated.

■ In plaintiff's second point she claims error of the court in sustaining defendant's objection to the following question propounded by plaintiff's counsel to the witness, Ron Davis: "Now, based on what you saw out there that day, if the—if Alice Wilson, the lady that was driving the Falcon, had not had her car die, would she have been able to accelerate and get into the traffic so as not to have the collision."

We overrule the point.

The question was objected to on the ground that it called for a conclusion and the trial court sustained the objection. We hold that this ruling was correct. The question was improper in that it did call for a conclusion.

In addition to what we have said, plaintiff's counsel failed to cause the record to show what answer the witness would have given to the question if he had been permitted to answer it. In order for an appellate court to be able to tell whether plaintiff was harmed by the trial court's ruling it is necessary that the record show how the witness would have answered the question. As the record now is we would be required to assume that the witness would have answered the question favorably to plaintiff and that plaintiff was therefore harmed by the court's ruling. We cannot asume those facts.

Plaintiff failed to preserve a good bill of exceptions on the point, even if the court's ruling was erroneous, by not causing the record to authoritatively show what the witness' answer to the question would have been. See Miller v. Cozart, 394 S.W.2d 22 (Dallas Tex.Civ.App., 1965, no writ hist.); and J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698 (Tex.Com.App., 1940).

■ In plaintiff's point three she contends that the court committed reversible error in letting defendant's attorney inquire into the time and circumstances under which plaintiff hired her lawyer.

Plaintiff had testified that the wreck happened October 23, 1970 (Friday) and that she first saw a doctor on October 26, 1970.

The following then occurred while plaintiff was on the stand being cross-examined by defense counsel:

"Q Then the day following that was Tuesday, the 27th, was the day that you hired your lawyer in this lawsuit, wasn't it?

"MR. PRIDDY: Your Honor, I'm going to object to that question, its irrelevant and immaterial, and incompetent to prove or disprove anything in issue in this case.

"THE COURT: I'll overrule it, Mr. Priddy.

"MR. TILLMAN: Isn't that correct, Miss Wilson?

"A I think it was longer than that."

The following is from 3 Tex.Jur.2d 394, Appeal and Error—Civil, Sec. 123: "An objection to evidence must specify the grounds of the objection in order to make them available on appeal. An appellate court need not consider an objection . . . that is too general, such as an objection that the evidence is irrelevant, immaterial, and incompetent . . . ."

Numerous cases are there cited in support of this text.

The objection referred to is the identical one made in this case and we are convinced that it was too general to call to the trial court's attention during the heat of a trial the vice that plaintiff is, on this appeal for the first time, claiming exists in such testimony, to-wit: that it implies to the jury that the plaintiff is claims minded.

In addition to what we have said, without objection, defense counsel was permitted to prove this same fact when he asked plaintiff the following question and she gave the answer indicated:

"Q Well, isn't that what your lawyer said—when I asked you that question in your deposition, didn't your lawyer say just a minute, and I can tell you, it was October 27th, 1970? Wasn't that what he said in the deposition?

"A I remember his saying it."

An established rule is that the error, if any, in admitting evidence of facts established by other evidence without objection is harmless. A number of cases announcing this rule are listed in 4B Texas Digest 223, Appeal & Error 1051(1-c).

When this rule is applied it is apparent that the error, if any, complained of in plaintiff's point three is harmless.

To further show that the ruling, even if it was error, was harmless we call attention to the fact that, without objection, defense counsel made the following argument to the jury in which he advised the jury of the date plaintiff hired her attorney:

"This lady, Alice Wilson, was in her wreck on October the 23rd, she goes in and hires her lawyer on October the 27th, and less than a month later this suit is filed asking for ten thousand dollars, in permanent injuries."

The plaintiff could not have been harmed by the particular ruling complained of in her point three because on two other occasions during the course of the trial, without objection, the jury was advised as to the date plaintiff hired her attorney.

For the reasons stated we overrule point three.

■ In plaintiff's last point she contends that the court erred in overruling her objection to defendant's attorney going into matters outside the record on closing argument.

The particular argument complained of (made by defense counsel) was in substance that plaintiff's counsel had not even discussed the case with the witnesses to the wreck until three weeks before the trial.

Plaintiff's counsel urged the following objection to such argument: The Court: "Now what's your objection?" Mr. Priddy: "That there is no evidence that I haven't talked to the witness before this time."

We overrule the point.

The record reveals that the argument related to the witness, Ron Davis, who at the time of the wreck managed a filling station in front of which the wreck occurred. He had worked on the choke to plaintiff's car just before the wreck and saw the wreck occur.

The trial in this case began on April 26, 1971.

While this witness, Davis, was on the stand the following occurred:

Plaintiff's Counsel: "Mr. Davis, do you remember when I talked to you on April 8th, 1971, about this accident?"

Answer: "Yes, sir."

Plaintiff's Counsel: "And, you remember giving your statement at that time?"

Answer: "Yes, sir."

Plaintiff's Counsel: "Now with reference to *the* prior time that I talked to you out on April 8th, 1971, wasn't it your statement at that time that the Defendant was going at least the speed limit?" (Emphasis ours.)

Answer: "I say she was going at least the speed limit."

We hold that a reasonable inference from these questions and answers was that counsel for plaintiff had in fact only talked to this eyewitness to the wreck one time prior to the trial and that such conference did not occur until about three

weeks before the trial began. The argument was therefore not subject to the objection that was made to it because it was not outside the record.

We also hold that even if this particular argument was erroneously made, that it was harmless error under Rule 434, Texas Rules of Civil Procedure.

The judgment is affirmed.