### DALLAS RY. & TERMINAL CO. v. GARRISON.

#### No. 1317—5827.

Commission of Appeals of Texas, Section B.

Jan. 6, 1932.

See also (Com. App.) 45 S.W.(2d) 185.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for plaintiff in error.

Alex Pope, of Dallas, and Bryan, Maxwell & Dardnne, of Waco, for defendant in error.

LEDDY, J.

Harry Garrison, as next friend for his minor son, Gerald Garrison, sued the plaintiff in error for damages alleged to have resulted to his said son on account of personal injuries received in a collision occurring in the city of Dallas between an automobile and one of the plaintiff in error's street cars.

Plaintiff in error, among other defenses, pleaded that the injuries complained of by Gerald Garrison were not the result of any negligence upon its part, but were due to and occasioned by an unavoidable accident. It timely requested submission of this issue, which was refused by the trial court.

The honorable Court of Civil Appeals [30 S.W.(2d) 1108] overruled plaintiff in error's assignment which complained of the failure to submit the issue of unavoidable accident under the view that the testimony of plaintiff in error's motorman and of the driver of the automobile in which the minor was riding showed conclusively that both were guilty of negligence; hence, the issue of unavoidable accident was not presented by the evidence.

We are inclined to disagree with this view, believing that, under the facts shown by this record, the issue of unavoidable accident was raised, and therefore plaintiff in error's specially requested issue on this subject should have been given.

If the issues of negligence of the plaintiff in error's motorman in operating the street car and of Garrison in driving the automobile, as well as that of unavoidable accident, had all been submitted to the jury, and it had found that neither the operator of the street car nor the driver of the automobile was negligent, but that the injury complained of was occasioned by an unavoidable accident, could it be said that there was suffi-cient evidence in the record to sustain each of such findings? If this question can be answered in the affirmative, then it follows that the trial court was in error in refusing to submit the issue.

We think it reasonably appears from the testimony of the motorman, and other evidence in the record, that a finding that he was not guilty of negligence in operating the street car in approaching the crossing would have found support in the evidence. Similarly, there is some evidence tending to show that the driver of the automobile was free from negligence. According to his testimony, he was a visitor in the city of Dallas, and did not know at the time he was driving north on Hampton street approaching the intersection of Brandon street that there was a street car line at such intersection; that upon approaching the intersection he was driving his automobile at a rate of about 25 miles an hour, and that when he first saw the street car approaching from the east he at once slackened his rate of speed, and when he reached the edge of the street intersection his car was traveling at an approximate rate of 12 to 15 miles per hour; that he attempted to turn to the left at Brandon street in an effort to run parallel with the street car so as to avoid colliding with it; that there were a number of chug holes in the street and also a small bridge at the left, which prevented a very sharp turn. While Garrison did not so testify, a number of other witnesses gave testimony to the effect that from the line of Brandon street where Garrison tried to turn to the left to the point where he collided with the street car marks upon the pavement showed that his car skidded a distance estimated by the various witnesses of from 30 to 50 feet. We think this testimony is sufficient to justify an inference that if the street had been smooth and Garrison's car had not skidded, he could have succeeded in making the turn onto Brandon street without colliding with the street car. In other words, there was at least some evidence to sustain a finding that the collision was due to the skidding of the car and the rough condition of Brandon street. Neither of the parties to this suit was in any way responsible for the condition of the street, nor is it charged that Garrison was guilty of negligence in causing his car to skid. It is a matter of common knowledge that, when an automobile skids, the control of the same is lost by the driver. If the jury believed Garrison's statement that he was only driving at the rate of 12 to 15 miles an hour when he reached the south line of Brandon street, the inference was justified that he could have made the turn without striking the street car but for the small bridge to the left, the rough condition of the street, and the skidding of his automobile.

■ There is therefore presented a theory under which the accident might have been found to have happened from causes different from those relied upon by the parties as constituting negligence of the motorman or the negligence of the driver of the car. Under such circumstances, the issue of unavoidable accident is presented. Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080; Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 280 S. W. 887.

■ It is asserted by defendant in error that, even if the issue of unavoidable accident is presented by the evidence, there was no error in refusing to submit the same, because the finding of the jury that both the motorman operating the street car and the driver of the automobile were guilty of negligence excludes the theory of inevitable accident. This court has often held that a defendant cannot be deprived upon any such ground of the affirmative submission of a defense properly pleaded and sustained by proof. Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Colorado & Southern Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908.

■ A defendant is as much entitled to an affirmative submission of his defenses, which are sustained by proof, as is the plaintiff to have his grounds of recovery so submitted. A plaintiff, relying for a recovery upon certain negligent acts of a defendant, cannot be deprived of an affirmative submission thereof upon the ground that the jury has excluded the issues pleaded by him by findings made upon a submission of defendant's defenses. In respect to the submission of issues for the determination of the jury, both parties to a lawsuit stand upon the same plane. Each is entitled to an affirmative presentation of all issues properly pleaded and sustained by proof. It is no answer for either to say that the finding of a jury on his issues, which have been submitted, discloses the existence of a state of facts which operate to deprive his adversary of a submission of properly pleaded issues which are raised by the evidence.

We also conclude that the charge on the measure of damages was subject to the objection made by plaintiff in error that it permitted a double recovery. I. & G. N. Ry. Co. v. Butcher, 98 Tex. 462, 84 S. W. 1052, 1053; F. W. & R. G. Ry. Co. v. Crannell (Tex. Civ. App.) 149 S. W. 351; T. & N. O. Ry. Co. v. McCraw, 43 Tex. Civ. App. 247, 95 S. W. 82, 83. Upon another trial this portion of the charge should be so framed as to eliminate this objectionable feature.

We therefore recommend that the judgments of the Court of Civil Appeals and the trial court be reversed, and the cause remanded for another trial.

CURETON, C. J.

Judgments of the Court of Civil Appeals and the district court both reversed, and the cause remanded for another trial, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.