## SWIFT & CO. v. EANES et ux.

### No. 4548.

Court of Civil Appeals of Texas. Amarillo.

Feb. 24, 1936.

Rehearing Denied March 30, 1936.

Joseph W. Hale and George Clark, both of Waco, for appellant.

W. H. Nunn, of Georgetown, and O. E. Roberts, of Taylor, for appellees.

MARTIN, Justice.

Judgment for damages was recovered against appellant by appellees as a result of a collision on a public highway between motor vehicles, viz., a truck driven by the agent of appellant and an automobile being driven by Sue Eanes, one of the appellees herein.

The general nature of the case is for the present sufficiently illustrated by the following special issues submitted to the jury and answered favorably to the appellees:

"Do you find from a preponderance of the evidence that at the time of the collision defendant's truck was being driven in an easterly direction and was being driven to the driver's left on and beyond the center of the highway?

"If you have answered the preceding question 'Yes' then answer this question, do you find from a preponderance of the evidence that the driving of the said truck, if it was so driven to the driver's left of the center of the said highway at the time of said collision was the direct and proximate cause of the collision?"

The appellant specially pleaded in part: " * * * That near the scene of the collision aforesaid, and in a westerly direction therefrom, there was a truck parked along and upon the highway. In this connection it is shown to the court that the operator of said truck had parked the same and left the same standing on the highway at a time when there was not a clear and unobstructed width of not less than 15 feet upon the main traveled portion of such highway opposite such standing vehicle which was left for the free passage of other vehicles thereon; * * * that such acts, acting separately and concurrently on the part of such operator of said parked truck, constituted and was the sole proximate cause of the collision in question."

The evidence on the defensive issue just quoted, viewed in its most favorable light to appellant, was in substance that Mrs. Eanes was traveling westward toward the parked truck at a speed of 45 miles per hour (about 66 feet per second) immediately prior to the collision; that such parked truck was located on a curve in the road, facing west, its south wheels some 2 or 3 feet upon the pavement, leaving only 12 or 13 feet of such pavement unobstructed; that when 12 to 60 feet from such truck Mrs. Eanes suddenly swerved to her left to avoid hitting same, and in doing so struck the middle of the north running board of appellant's truck with the left front wheel of her automobile, causing the injuries complained of. The evidence that the parked truck was visible for some distance is perhaps conclusively established, but the entire facts and circumstances leave an issue as to whether either party in the exercise of ordinary care could discover the position of its wheels upon the pavement and foresee the probability of an accident until too perilously close to same to avoid a collision.

The entire record in our opinion sufficiently raised the defensive issue pleaded. The court's refusal to submit same upon request was error.

Article 827a, § 10, Vernon's Ann.P.C.; Montrief & Montrief v. Bragg (Tex.Com. App.) 2 S.W.(2d) 276; Missouri K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S.

W. 1058; City of Pampa v. Todd (Tex. Civ.App.) 11 S.W.(2d) 247.

Closely related to the above are the contentions of appellant that the court should have submitted the issue of unavoidable accident and that the legal phrase "new and independent cause" used by the trial court in its definition of proximate cause should have been defined. Robertson & Mueller v. Holden (Tex.Com. App.) 1 S.W.(2d) 570; Thurman v. Chandler (Tex.Com.App.) 81 S.W.(2d) 489.

The three propositions have practically the same background in the facts, and are all sustained.

In passing, we mention that appellees pleaded the diminished market value of their automobile by reason of the damages to it occasioned by the collision, but did not prove their car had any market value. Instead, they proved the cost of repairing same, but this was not pleaded. We do not deem it necessary to do more than give this passing notice, as it will not again likely occur.

Other contentions were either not properly raised or are such as we believe to be without merit. Their importance does not seem to justify the consumption of space in repetition and discussion.

Judgment reversed and cause remanded.