## MAYS et al. v. SMITH et al.

### No. 2913.

Court of Civil Appeals of Texas. Beaumont.

June 26, 1936.

Rehearing Denied July 8, 1936.

F. G. Dyer, of Houston, and Jno. T. Vance, of Edna, for appellants.

Rose & Sample and M. L. Cobb, all of Edna, for appellees.

WALKER, Chief Justice.

Appellee, Mrs. A. S. Smith, is the surviving wife of A. S. Smith, deceased, and appellees, Lurlene and Jack Smith, are the minor children of Mrs. A. S. Smith and her deceased husband. On the verdict of a jury they were granted judgment, Mrs. Smith for $2,110, and each of the minor children for $3,000, against appellants, R. E. Mays and R. C. James, "individually and as partners doing business under the firm name of Mayes & James."

Appellants' first complaint against the judgment is that the court erred in overruling their plea of privilege to be sued in Harris county. These pleas were in due form and the controverting affidavit, among other grounds, alleged that the deceased, A. S. Smith, was killed in Jackson county in a collision between an automobile which he was driving and a truck owned and operated at the time of the collision by appellants, under conditions constituting a "trespass," as defined by Exception No. 9 of Article 1995, Revised Statutes. As we understand appellants' brief, the only point made by them on the issue of venue is that the evidence was insufficient to support a finding of "trespass." That contention is overruled. The collision occurred about 2

o'clock a. m. "on or about" December 5, 1933. The evidence raised the issue that Smith was about 65 years old, in good health, a careful and experienced driver, and was "duly sober" at the time of the collision; a short while before the collision he stopped at Mize's Service Station, "put in gas and oil and put a new bulb in the tail light of his car"; the car had good brakes and was running good, and when it left the Mize's Service Station both front and rear lights were burning; at the time of the collision Smith was driving on his side of the road; his car was struck in the rear by appellants' truck and knocked off the road and down a high embankment. Smith received injuries which caused his death, and his two children, riding with him in his car at the time, were also injured in the accident. Appellants offered no testimony on the hearing on the plea of privilege. The statement made of the evidence is sufficient to support the following conclusions: (a) Smith was killed in a collision between his automobile and appellants' truck; (b) the collision resulted from the fact that appellants drove their truck into the back end of the Smith automobile; and, (c) the collision occurred in Jackson county and was not the result of any negligence on the part of Smith. The circumstances in the case clearly raised an issue of negligence against appellants, constituting a trespass by them, sustaining the venue in Jackson county under Exception No. 9 of article 1995, Revised Statutes. Younger Bros., Inc., v. Frank Power, Jr. (Tex.Civ.App.) 92 S.W.(2d) 1147.

■ On trial on the merits, the jury found appellants guilty of certain specific acts of negligence, proximately causing the collision, and acquitted Smith of all acts of contributory negligence; no complaint is made by appellants against these findings. The issue of unavoidable accident was submitted by the following question, to which the jury answered, "No":

"Special Issue No. 8: Do you find from a preponderance of the evidence that the death of the deceased A. S. Smith was not caused by an unavoidable accident?

"An 'unavoidable accident' as used herein means an occurrence which is not contributed to by the negligent act or omission of either party, that is, one which could not have been reasonably foreseen by an ordinary prudent and careful person under the same or similar circumstances.

"Answer this question 'Yes' or 'No.'"

By the answer to this question the jury found that the death of Smith was "caused by an unavoidable accident"; appellees concede this construction of the verdict.

However, from the answers to other questions, appellees insist that the clear intent appears on the part of the jury to answer this question "Yes"; that is, they insist that it was the intent of the jury to find that Smith's death was not "caused by an unavoidable accident." If this question and answer were ambiguous we would go far to resolve the ambiguity in support of the judgment; but there is no ambiguity. The jury found in clear terms that Smith's death was the result of an unavoidable accident, and we have no power to change the negative answer to an affirmative answer. Appellees have cited to us Three States Telephone Co. v. Kirkwood, 61 S.W.(2d) 568, 570, where, in submitting the issue of unavoidable accident, the Dallas Court of Civil Appeals said: "A better practice, however, is for the trial court, in the main charge, to instruct the jury to answer the question: 'It was an unavoidable accident,' or 'It was not an unavoidable accident,' rather than to answer 'Yes,' or 'No.'"

This decision gives them no support because the issue was not submitted in the form there suggested.

■ Appellees present the further objection to the issue of "unavoidable accident," that it was not raised by the evidence. That point is overruled. Under the evidence the jury could have found that appellants were not guilty of negligence in the manner in which they were operating their truck just before and at the time of the collision; and because of a curve in the road and a descending grade, that the lights of the truck were reflected above and to one side of the Smith car as appellants drove toward it on the highway; and that they were not guilty of negligence in failing to see the car in time to avoid the collision.

■ Since the jury found the issue of unavoidable accident in favor of appellants and found against them on the specific acts of negligence submitted by the charge, a direct conflict exists in the jury's verdict, and, therefore, the judgment is without support. Where a verdict is conflicting on material issues, the Commission of Appeals, in Barnes Bros. v. International & G. N. Ry. Co., 1. S.W.(2d) 273, held that it would not support a judgment for either party but was tantamount to a mistrial. See, also, Stiles v. Union Terminal Co. (Tex.Civ.App.) 1

S.W.(2d) 947. In Texas Interurban Ry. Co. v. Hughes (Tex.Com.App.) 53 S.W.(2d) 448, 449, 450, Judge Sharp (now a member of the Supreme Court) said: "The finding of the jury on the issue of unavoidable accident is in direct conflict with the other findings of the jury on the issues of negligence, and the judgment is unsupported by any finding, and should not have been entered for either party." Pageway Coaches, Inc., v. Bransford (Tex.Civ.App.) 71 S.W.(2d) 561; Dallas Ry. & Terminal Co. v. Garrison (Tex.Com.App.) 45 S.W.(2d) 183, 184.

For the error discussed, the judgment of the lower court must be reversed and the cause remanded for a new trial, and it is accordingly so ordered.