## WINN v. TAYLOR.

### No. 8600.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1937.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellant.

E. A. Camp, of Rockdale, for appellee.

BLAIR, Justice.

Appellee sued appellant to recover damages to his truck and for personal injuries sustained in a head-on collision between the truck and an automobile driven by appellant. Unavoidable accident was plead and the pleadings otherwise consisted of the usual charges of negligence and pleas of contributory negligence as in cases of automobile collision. The jury found the collision not unavoidable, and found all issues of negligence, contributory negligence, and damages favorably to appellee, and judgment was accordingly rendered for him for $650.

Special issue No. 1 submitted unavoidable accident, and the jury were instructed that if they found that the collision resulted from such accident, no other issue need be answered. Appellee concedes that the instruction was erroneous under the holding of Schroeder v. Rainboldt, Tex.Com.App., 97 S.W.2d 679, decided since the trial of this case. He contends, however, that as a matter of law the evidence did not raise the issue of unavoidable accident; and that therefore the giving of the erroneous instruction is not reversible error.

 The evidence raised a jury issue as to unavoidable accident. A bridge and a gravel road were under construction near the point of the collision. The bridge was partly barricaded and the road builders had been watering and dragging the road, and "there was some loose gravel there." Appellant testified, in part, as follows: "Just prior to the accident I was just coasting along on a good gravel road. * * * I passed a truck that was coming towards me * * * and I ran into the heaviest cloud of dust that I have ever run into since I have been driving an automobile. I hit that cloud of dust and instantly I put my foot on the brakes, and I don't know where I went. I apparently skidded, and then I released the brakes and went through the cloud of dust, and as I emerged from it there was another truck following behind this one and I was so close onto him that I couldn't see much chance of dodging him. * * * The plaintiff's left wheels were over on my side of the road. It looked like he was in the center of the road. * * If the truck had given a foot or two, I could have missed him; but it didn't dodge an inch. I got over some to my side of the road; I evidently went a little bit towards the center of the road on account of skidding. Before I hit the dust cloud I was completely on my side of the road; after I hit the dust I didn't know where I was. * * * I was in that dust just a little bit. I never did see any barricades; I never did know that a barricade was there."

 Under the facts stated and the physical conditions present at the point of collision the jury could have found that appellant was not guilty of negligence, and the issue of unavoidable accident is sufficiently raised by the evidence if the jury can find from it that the defendant is not guilty of negligence. A jury issue as to unavoidable accident is raised in automobile collision cases if the evidence shows wet pavement, skidding, existence of an obstacle that might obstruct the view, or some cause other than the negligence of one of the parties. Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W. 2d 944, 97 A.L.R. 1513; Mays v. Smith, Tex.Civ.App., 95 S.W.2d 1342; Swift & Co. v. Eanes, Tex.Civ.App., 92 S.W.2d 522.

The definition given of the term "sole proximate cause" has been approved by our court decisions, and the contention that it was erroneous is not sustained.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.