## CRYSEL v. A. W. FABRA AUTO SUPPLY CO.

### No. 3644.

Court of Civil Appeals of Texas.
Beaumont.
Oct. 3, 1940.

Rehearing Denied Oct. 23, 1940.

Elton Cruse, of Beaumont, for appellant.

Sewell, Taylor, Morris & Connally, of Houston, and Marcus & Carrington and David C. Marcus, all of Beaumont, for appellee.

WALKER, Chief Justice.

On the 22nd day of March, 1939, W. C. Crysel, individually and as next friend for his minor son, Gayle Crysel, filed this suit in district court of Jefferson county against appellee, A. W. Fabra Auto Supply Co., for damages suffered by his minor son Gayle on the 14th day of February, 1939. For cause of action appellant alleged that appellee furnished him an automobile under the representation and warranty that it was in a safe condition, when in fact, the door of the automobile was defective; as a proximate result of the defective door, Gayle fell out of the automobile and suffered the damages sued for. Appellee answered by general and special demurrers, general denial, and pleas of contributory negligence, etc.

The only issue of negligence plead against appellee and submitted to the jury was the defective condition of the door of the automobile. Answering special issues, the jury found that Gayle Crysel fell from the automobile at the time and place in issue, and suffered personal injuries as a proximate result of the fall; it was further found that the automobile was not in a defective condition. The jury gave the answer "None" to the following question: "From the preponderance of the evidence, what amount of money, if any, if paid now, do you find would reasonably compensate

294

plaintiff on account of the injuries, if any, to Gayle Crysel proximately caused, if you have so found, by the negligences, if any, of the defendant, A. W. Fabra Auto Supply Company?"

The jury also found that the injuries suffered by Gayle Crysel were the result of an unavoidable accident; the jury also found against appellant, on certain issues of contributory negligence. After the verdict was returned, appellant filed his motion, praying that the court decree a mistrial on the ground of conflict in the answers of the jury. On July 10, 1939, on the verdict of the jury, judgment was entered in favor of appellee against appellant from which this appeal has been regularly prosecuted.

Appellant's first point is that a conflict exists between the finding of the jury that the injuries of Gayle Crysel were the "result of an unavoidable accident", and the findings that appellant was guilty of certain acts of contributory negligence. There is no conflict between the finding that the injuries suffered by Gayle Crysel were the result of an avoidable accident. On these findings appellee was entitled to judgment.

If the point be conceded that a conflict exists between the findings on the issue of unavoidable accident and on the issues of appellant's contributory negligence—the authorities sustain this point in appellant's favor, Mays v. Smith, Tex. Civ.App., 95 S.W.2d 1342—the legal proposition advanced on the conflict is immaterial. Big Six Oil Company v. West, Tex. Civ.App., 136 S.W.2d 950.

No error is suggested by the answer "None" given by the jury to the issue submitting appellant's measure of damages. By this question the jury was required to assess the damages suffered by appellant "on account of the injuries to Gayle Crysel proximately caused" by appellee's negligence. Having acquitted appellee of the negligence charged against it, no other answer could have been given to the question. Andrade v. Southern Pine Lumber Co., Tex.Civ.App., 94 S.W. 2d 583, does not support appellant's contention. Our holding on this point was reversed by the Supreme Court, but that case is not in point on the wording of the charge. In the Andrade case the issue was, "What sum of money, if paid now in cash, will fairly and reasonably compensate plaintiff for the injuries sustained by him, if any, as a result of the collision?" That issue submitted the damages suffered by the plaintiff "as a result of the collision"; the issue in the case at bar submitted the damages "proximately caused * * by the negligence * * * of the defendant." ·

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.