**PRICE et al. v. LEON et ux.**

**No. 11873.**

Court of Civil Appeals of Texas.
Galveston.

April 24, 1947.

Rehearing Denied May 22, 1947.

Cole, Patterson, Cole & McDaniel, of Houston (Bennett B. Patterson and Joseph Kirchheimer, both of Houston, of counsel), for appellant.

C. M. Hightower and Thomas B. Weatherly, both of Houston (Vinson, Elkins, Weems & Francis, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants, Ouirda Fay Harrison Price, joined by her husband and her mother, and T. L. Moseley, for recovery from Mr. and Mrs. Joseph Leon of damages for injuries alleged to have been sustained as a result of the negligent operation of an automobile, driven by Mrs. Leon.

The suit arose out of a collision which occurred just outside of the City of Houston on July 24, 1945, between an automobile being driven by Mrs. Leon and a motorcycle being driven by T. L. Moseley on which Mrs. Price was riding as a passenger. The collision occurred at the intersection of Telephone Road and the entrance to the Municipal Air Port. Both vehicles were travelling in a southerly direction and as Mrs. Leon, who was accompanied by her two small children, was making a turn across the highway to her left into the Air Port, the motorcycle being driven by appellant Moseley ran into the side of her car, causing the injuries complained of.

In answer to special issues submitted a jury found, in substance, that Mrs. Leon was not guilty of primary negligence and that appellants were not guilty of contribu-

310

tory negligence. They found that the accident was unavoidable, and that Mrs. Leon was keeping a proper lookout for motor vehicles overtaking her from the rear; that she made a hand signal indicating her intention to turn and that she gave such signal within such time as a reasonably prudent person would have given it; that she reached the center of the intersection of the road before making such turn, and that at the time she made the turn there was sufficient space for it to be made in safety to other vehicles and their occupants.

The jury found that appellants were not driving at an illegal or unreasonable rate of speed under the circumstances, and acquitted them of all other acts of contributory negligence inquired about. Judgment was rendered on the jury's verdict that appellants take nothing by their suit.

The record shows that T. L. Moseley, a merchant seaman and a visitor in Houston, had borrowed a motorcycle and that he and Mrs. Price had been riding around Houston and vicinity and in the early afternoon they were proceeding out Telephone Road at a rate of speed of from 35 to 45 miles per hour. The record shows that Mr. Moseley was unacquainted with the streets and highways in and around Houston and that he did not know that there was a side road leading into the Municipal Air Port. He testified that grass and weeds obstructed his view of the road until he was within 25 to 40 feet of the point of collision and that he did not know that Mrs. Leon intended to turn to her left; that when he saw Mrs. Leon start to make the turn, he applied his brakes and turned to his left in order to pass in front of her and prevent the collision.

Frank Smith, a disinterested witness to the accident, testified that Mrs. Leon exercised ordinary care in all respects, but that Mr. Moseley approached the crossing at a high rate of speed and ran into the side of Mrs. Leon's car.

Appellants' main contention on appeal is:

That the issue of unavoidable accident was not raised by the facts in the case, and that the submission of the issue led the jury into an improper consideration of the entire case. They contend that there was not sufficient evidence to support the jury's verdict acquitting appellees of primary negligence, and complain of the action of the trial court in denying them the right to impeach the testimony of the witness Frank Smith by showing that he had made a prior statement inconsistent with his testimony by deposition.

While the rule of decision in this State is that the issue of unavoidable accident "exists only when there is evidence that something other than the negligence of one of the parties caused the injuries complained of." (Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 409; Texas & Pacific Ry. Co. v. Day, Tex.Sup., 197 S.W.2d 332), it has been uniformly held by the courts of this State that in order to determine whether the issue of unavoidable accident is involved in a case, the facts of each particular case must be examined with a view of ascertaining whether there is presented a theory under which the accident could have happened notwithstanding all the parties to the transaction exercised the degree of care required by law. International-Great Northern R. Co. v. Lucas, 128 Tex. 480, 99 S.W.2d 297.

In the case of Dallas Railway & Terminal Co. v. Garrison, Tex.Com.App., 45 S.W. 2d 183, which involved a collision between an automobile and a street car, the issue of unavoidable accident was held to have been raised by the evidence, where the person against whom the negligence was charged was a visitor in the City of Dallas and did not know that he was approaching a street car line at an intersection. When he first saw the car approaching from the side, he slackened his speed and attempted to turn to the left in an effort to run parallel with the street car and avoid the collision. The court in its opinion held that the facts presented a theory under which the accident might have been found to have happened from causes different from those relied upon by the parties as constituting negligence of the motorman or the driver of the car, and that under such circumstances the issue of unavoidable accident was presented.

The following authorities are in accord with the holding above stated: Swift & Co. v. Eanes et ux., Tex.Civ.App., 92 S.

W.2d 522; Dallas Ry. v. Speer, Tex.Civ. App., 299 S.W. 507; Humble Pipe Line Co. v. Kincaid et al., Tex.Civ.App., 19 S.W.2d 144; St. Louis Southwestern Ry. Co. of Texas v. Barr, Tex.Civ.App., 148 S.W.2d 924.

In the case of Winn v. Taylor, Tex.Civ. App., 111 S.W.2d 1149, it was held that a jury issue as to unavoidable accident was raised in automobile collision cases where the evidence shows wet pavement, skidding, existence of an obstacle that might obstruct the view, or some cause other than the negligence of one of the parties.

In the instant case it is undisputed that the accident occurred outside the city limits of the City of Houston where the speed limit was 60 miles per hour. Appellant Moseley, who was operating the motorcycle, was a stranger in the city and did not know of the cross-road leading into the Air Port into which Mrs. Leon turned. He testified that grass and weeds prevented him from seeing this road until he was within 25 or 40 feet of the point of impact. An officer who inspected the scene of the accident shortly after it occurred testified that there were skid marks caused by the wheels of Moseley's motorcycle at the point of collision.

Under this evidence and the facts as presented to them, the jury was authorized to and presumably did believe that Moseley, who was driving within the legal rate of speed and being unable to see the intersecting road on account of the weeds, attempted to pass Mrs. Leon about the time she was making this turn to her left. In an attempt to avoid a collision he lost control of his motorcycle and, through no negligence of his own or Mrs. Leon, crashed into the side of Mrs. Leon's car, causing the injuries and damages complained of.

Appellees further contend that even if the evidence had not raised the issue of unavoidable accident, still no other judgment could have been rendered except one in their favor under the jury verdict acquitting them of primary negligence. This contention must, we think, be sustained.

In the case of Renner v. National Biscuit Co., Tex.Civ.App., 173 S.W.2d 332, this court, speaking through Justice Graves, held that in a damage suit where the plaintiff was acquitted of all acts of negligence and the only acts upon which a judgment had been based against the defendant was overturned on motion for a judgment non obstante veredicto, it was proper for the trial court to render judgment for the defendant, and that in view of the failure to convict defendant of primary negligence, the jury findings on unavoidable accident and contributory negligence were immaterial.

Appellants complain of the action of the trial court in refusing to allow them to impeach the testimony of the witness Frank Smith by showing that after the collision he had made a statement contrary to his testimony given on the trial by deposition.

The record shows that no bill of exception was taken by appellants to the action of the court in excluding this testimony, and that there is no showing in the record as to what was contained in the excluded statement, or what the impeaching witness would have testified.

Under these facts this matter is not properly before this court for consideration. 3 Tex.Jur., page 566, Sec. 398.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.