BLASBERG v. COCKERELL et al.

No. 6220.

Court of Civil Appeals of Texas. Amarillo.

June 9, 1952.

Rehearing Denied Sept. 2, 1952.

Sanders, Scott, Saunders & Smith, Amarillo, Gordon & Gordon, Pampa, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Smith, Teed, Wade & Waters, Pampa, Childers & Childers, Abilene, for appellees.

LUMPKIN, Justice.

This is an automobile collision case. On October 30, 1949, while the appellant, Lawrence Blasberg, was driving an automobile on U. S. Highway 66 about one and one-half miles east of McLean, Texas, his car was involved in a wreck with an automobile driven by the appellee, Edward E. Cockerell, Jr. As a result of the collision Don Rives, who was in the appellee's car, was killed, and L. E. See, the other passenger, was badly hurt. Both of the parties, Blasberg and Cockerell, suffered serious injuries. It appears that the appellant was trailing a large truck going east; the appellee was traveling west. Both parties were on a level, straight stretch of road. When the appellant pulled out to go around the truck, he saw the appellee's car coming toward him. He thought he would have sufficient time to pass the truck until he realized that the appellee's car was "closing in fast." He then accelerated his car, and as he completed the pass and attempted to turn back to his right side of the highway, the car skidded to the left and into the left front of the appellee's car. Although it was drizzling rain and the pavement was wet, visibility was good for at least a mile. As the two cars collided, the appellee's automobile bounced to the north and came to rest on the north side of the pavement facing west with its left front and left rear wheels two or three feet inside the strip of pavement. The appellant's Ford stopped in the center of the highway, east of the appellee's Pontiac.

The appellee alleged various acts of negligence on the part of the appellant. The appellant's answer consisted of a denial and pleas of contributory negligence. He alleged certain alternative pleas and also filed a cross-action against the appellee alleging that the appellee was negligent in several particulars. In addition he filed a cross-action against L. E. See and a third party action against the Plains Machinery Company, the appellee's employer. See settled with the appellant prior to the trial, and he therefore is not a party to this appeal.

Trial was to a jury. In answer to numerous special issues the jury determined the following facts: that the appellant was not driving in excess of 60 miles per hour; that the appellant was not operating his automobile at an excessive rate of speed; that the appellant's driving on the left hand side of the highway at the time of the collision was not negligence; and that the appellant did not drive his vehicle to the left of the truck when that side of the highway was not clear and unobstructed.

But the jury did find that the appellant, at the time and place of the collision, did fail to yield to the vehicle driven by the appellee one-half of the highway and that such failure was the proximate cause of the collision. The jury found that the appellant failed to keep his automobile under control but that this was not negligence. The jury, however, found that the appellant failed to keep a proper lookout for vehicles approaching from the east; that this was negligence and the proximate cause of the collision.

In accordance with these and other findings of the jury, the court rendered judgment in favor of the appellee and against the appellant, both as to his cross-action against the appellee and as to his third party cross-action against the Plains Machinery Company. The appellee was awarded the sum of $30,500; from this judgment the appellant has duly perfected this appeal.

As a defense the appellant had alleged that the appellee was guilty of contributory negligence in failing to apply his brakes in order to avoid the collision; in failing to reduce the speed of his automobile; and in failing to yield the pavement when there was plenty of room on the north side to

drive in safety. In the alternative the appellant pleaded that the collision was an unavoidable accident; he likewise alleged sudden emergency, new and independent cause, sole proximate cause and discovered peril. The trial court submitted none of the appellant's defensive issues to the jury.

Our courts have held that a defendant is entitled to an affirmative submission of his defensive issues, and that a finding on issues submitted is not a finding on issues not submitted. Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951. In the case of Humble Pipe Line Co. v. Kincaid, Tex.Civ.App., 19 S.W.2d 144, 148, writ refused, the court stated the rule:

"It is the settled law of this state that a defendant is entitled to an affirmative submission to the jury of any fact or group of facts pleaded by him and supported by material evidence, which, if found true, would exculpate him from liability, and he may not be deprived of this right through an adverse finding upon some other issue the answer to which would render him liable."

Although requested to do so by the appellant, the court did not submit the issue of unavoidable accident. In order to determine whether such an issue is involved, the facts of each particular case must be examined to determine whether there is a theory under which the accident could have happened even if all the parties to the collision exercised the degree of care required by law. Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777. In Winn v. Taylor, Tex.Civ.App., 111 S.W.2d 1149, 1150, the court said:

"A jury issue as to unavoidable accident is raised in automobile collision cases if the evidence shows wet pavement, skidding, existence of an obstacle that might obstruct the view, or some cause other than, the negligence of one of the parties. Magnolia Coca Cola Bottling. Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513; Mays v. Smith, Tex.Civ.App., 95 S.W.2d 1342; Swift & Co. v. Eanes, Tex. Civ.App., 92 S.W.2d 522."

As we have seen, the appellant pleaded that the collision was an unavoidable accident. Disregarding all evidence to the contrary and indulging every legitimate inference, we shall review the testimony briefly and determine if there is any evidence—when viewed in its most favorable light—which will support his allegations. 41 Tex.Jur. 1041.

The appellant testified that when he started to pass the truck he saw the appellee's car about 9/10 of a mile in front of him:

"Q. And then what happened after you started around? A. I naturally accelerated; I thought there would be plenty of room; I went up to, say, 45 or 50, then when I was about at the point of the cab of the truck, this other car coming from the, let's see, that would be East, was closing in fast, so I accelerated even more at the point of the collision; just a few seconds or so, my foot was on the floor board, I was going about 55. That was all the speed I could get up.

"Q. Now, where did this impact occur, Lawrence, with reference to the truck? A. Well, I started to pull in front of the truck about 40 or 60 feet, and then on making my turn to pull in front of the truck, I started to skid; that was about 60 feet from the truck.

"Q. Are these estimates, Lawrence? A. Yes, wholly estimates, but I do know I was in front of the truck, and a length of time that I would have time to turn in front of the truck, and actually, well, if I didn't make such a sharp turn, or wasn't forced to make such a sharp turn in front of the truck, I wouldn't have skidded. What happened was, I skidded, I made a sharp, sharper than I expected to turn to get in front of the truck; my car, it seemed that my front left wheel skidded, well, I don't know how much it skidded, I really can't tell, but I skidded into his front left also."

The appellant further testified that the appellee's car was coming faster than he had thought it was moving when he started to pass the truck, that the pavement

was wet but that the traction was good. He said that nothing had happened to cause him to believe that the highway was slick until he skidded. The truck driver, however, noticed the pavement was slick when he changed gears about a quarter of a mile west of the scene of the accident. A highway patrolman also noticed that the road was slick.

The truck driver said he first saw the appellant's automobile about three miles west of McLean; that on several occasions the appellant had tried to pass him but was unable to do so because of the traffic. He said that when the appellant's car started to pass him he looked ahead and saw another car coming. It was perhaps a quarter of a mile away. His testimony continues:

"Q. Was that at the time the Blasberg car started around you? A. Yes, sir.

"Q. All right, then, go ahead. A. And owing to the slick road, I thought maybe that it was going to be a little bit close, this pass, so I slowed some more and pulled over to the right, and the Ford car, the car that was going around me, when he started to pull back in, the car slipped, the back end of it skidded, and I will say, oh, some 30 to 60 feet in front of me was where the two cars came together.

"Q. All right. What happened to the engine in the Ford automobile when the two cars came together? A. It came out of the car and rolled across the road right in front of my truck."

He said he was driving approximately 35 miles an hour and that the appellant's car was moving some 15 to 20 miles faster than he was. Moreover, he said that the appellee's automobile never changed its course from the time he first saw it until it reached the point of impact.

■ The issue of unavoidable accident was raised by the foregoing evidence. The rain, the slick pavement, appellant's momentary loss of control of his car due to skidding raise the issue of whether the accident resulted proximately from facts and circumstances independent of any negligence on the part of either party. Hankamer v. Roberts Undertaking Co., Tex.Civ. App., 139 S.W.2d 865, dism. judg. cor. The trial court should have submitted the requested issue. Dallas Railway & Terminal Co. v. Garrison, Tex.Com.App., 45 S.W.2d 183; El Paso Electric Co. v. Hedrick, Tex.Com.App., 60 S.W.2d 761.

■ The other issues which the court did not submit, although requested to do so, concern the appellant's failure to apply his brakes, to reduce speed, to maintain proper control of his car, to yield the pavement, and to drive to the right side of the pavement. The court, moreover, did not submit the issue of sudden emergency. The evidence concerning these issues is not so indefinite and uncertain as to preclude a finding had they been submitted to the jury, and in our opinion the court erred in not submitting them.

Also, the court did not submit an issue inquiring whether the presence of a slick section in the pavement, unknown to the appellant, constituted a new and independent cause; or whether the slick section, unforeseen by the appellant exercising ordinary care, constituted the sole proximate cause of the collision; or whether the skid constituted the sole proximate cause of the collision. Neither did the court submit the issue of discovered peril. All of these issues were requested by the appellant.

■ The appellant pleaded that he was proceeding along the highway in a careful and prudent manner; that there was a light drizzle falling but that the pavement had not been slick and did not appear to be slick. Nevertheless, unknown to the appellant, the pavement was slick at the place where the collision occurred. He alleged that this slick spot caused the front running gear of his car to skid suddenly and without warning to the left; that the slick condition and sudden skidding of the car could not have been reasonably foreseen by him; and that the slick condition constituted a new and independent cause of the collision for which the appellant was not responsible. The appellant wished to inquire of the jury if the presence of a

slick section in the pavement, if any, constituted a new and independent cause. As we have said, this issue, which included a definition of new and independent cause, was not submitted. In describing the collision, the truck driver said that the appellant's Ford was out in front of his truck 30 to 60 feet when the cars went together. He said that when the appellant "started to pull back in, the car slipped, the back end of it skidded * * *." Both parties testified that they had not noticed the pavement being slick. After reading the entire record we have concluded that the evidence is sufficient to raise the issue of new and independent cause. Young v. Massey, 128 Tex. 638, 101 S.W.2d 809; Garner v. Prescott, Tex.Civ.App., 234 S.W.2d 704. Moreover, for the same reason, we have concluded that the court should have submitted the issue of sole proximate cause. Schuhmacher Co. v. Holcomb, supra.

The appellant insists that the court erred in failing to submit in connection with his cross-action against the appellee the issue of discovered peril. He had pleaded that the appellee discovered the appellant's perilous position in time to stop or pull off the highway and avoid a collision and that his failure to do so was a proximate cause of the collision. In the case of Baker v. Shafter, Tex.Com.App., 231 S.W. 349, 350, the three essential elements of discovered peril are defined:

"The doctrine of discovered peril involves three elements, viz: (1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendant's agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with their own safety—injury to him; and (3) the failure thereafter to use such means."

The appellee testified that he saw the appellant's car when it came from behind the truck and that the situation did not appear to be dangerous and there was nothing unduly exciting about it. He later denied most of this testimony. When asked if he thought the appellant could make the passage safely, the appellee said: "I thought when he darted out, he would dart back when he saw my car coming. When he continued to come head on at me, I naturally pulled to the right to get out of his way." Other testimony shows that the appellee never made any effort to slow down or get off the pavement prior to the collision. Whether the appellant was in a position of actual or potential peril and whether the appellee saw him in time to avoid hitting him were questions for the jury. The issue of discovered peril should have been submitted. Barnes v. Price, Tex.Civ.App., 226 S.W.2d 657, writ ref.; Hawkins v. Houston Transit Co., Tex.Civ. App., 227 S.W.2d 604, writ ref.

Because of our disposition of the case, we have not discussed all of the appellant's points of error. Some of the matters about which he complains will probably not occur again. For the reasons given, therefore, we reverse the judgment of the trial court and order the cause remanded for another trial.