**SEARS ROEBUCK & COMPANY et al.,**
**Appellants,**

v.

**Aaron David STILES et al., Appellees.**

**No. 4925.**

Court of Civil Appeals of Texas,
Waco.

Aug. 20, 1970.

Rehearing Denied Sept. 10, 1970.

Sheehy, Jones, Cureton, Westbrook & Lovelace, L. Wayne Scott, Waco, for appellants.

Dunnam, Dunnam & Dunnam, Waco, for appellees.

OPINION

WILSON, Justice.

The issue in this appeal is the propriety of a judgment non obstante veredicto by which the court disregarded a jury finding of unavoidable accident and a negative answer to the special issue inquiring whether the driving of defendant's vehicle on the left side of the roadway was negligence.

The accident occurred on an interstate divided highway consisting of two lanes on each side separated by a 20-foot grass median space. Defendants' driver lost control of his truck-trailer when it suddenly skidded on the wet pavement, as it was rounding a curve. When the driver lost control the truck traveled from its northbound lane, across the intervening grass median space and into the southbound lane, where it collided with the automobile occupied by deceased. Defendants' answer was a general denial and a plea that the collision was the result of an unavoidable accident.

The jury found that the driver's act in driving the truck on the left hand roadway was a proximate cause of the collision but answered "No" to the issue: "Do you find from a preponderance of the evidence that the act of driving upon the left-hand roadway was negligence?" The jury answered to the unavoidable accident issue: "It was the result of an unavoidable accident".

A "No" answer was also made to an issue inquiring whether the jury found from a preponderance of the evidence that the driver was operating the truck at a greater rate of speed than it would have been operated by a person of ordinary prudence, when he lost control; and the jury answered "No" to the issue as to his failure to keep a proper lookout. No issues were submitted or requested concerning an excuse or justification for violation of the statute, Secs. 62 and 63 of Art.

6701d, which prohibit, in effect, driving on the left-hand roadway.

Defendants' motion for judgment on the verdict was overruled. Plaintiffs' motion to disregard the adverse findings as being contrary to the undisputed evidence, and because they "are not findings of such facts as will excuse violation of Sections 62 and 63 of Art. 6701d", V.A.T.S. was sustained. Judgment for damages found by the jury was rendered against defendants.

Defendants' truck and trailer were 55 feet in length, in good mechanical order, weighing 19,000 pounds, unloaded. The driver testified he knew he was approaching a slight curve to his left; that he frequently traveled this highway under all weather conditions; that the highway was slick and he knew the momentum of his tractor-trailer would be determined by a product of its speed times its weight. He had been driving trucks and trailers over 20 years. It was "raining fairly hard, but not hard enough but what you could see." All cars had lights turned on. The curve was about a mile in length, and when the driver was in about the middle of it his truck started sliding "like something tipped over the front end, and it started pulling." The wet pavement caused his car to skid, he testified. He couldn't control the skid with the front wheels. He "couldn't figure out what caused" him to lose control. "You could turn them any way you wanted to, and it still went on its own course". When the truck started sliding, he testified, he was traveling not over 45 miles an hour. When he saw the cars approaching on the opposite side of the road after he entered the median, he "gave it more gas" to avoid stopping in front of and colliding with other oncoming vehicles.

■ The evidence does not show or raise an issue of excuse or justification for defendants' truck-trailer being driven on the wrong side of the road. The evidence demonstrates only an unexplained loss of control, which is not an excuse or

justification. If the evidence had showed an excuse we would be required to render judgment for defendant, rather than remand, as we do.

In Hammer v. Dallas Transit Company, (Tex.Sup.1966), 400 S.W.2d 885 defendant's bus was approaching a curve, traveling on a wet four-lane highway. As the driver attempted to change lanes, the bus went out of control and crossed to its left side of the road. The Supreme Court said: "Defendant relied upon loss of control to prove excuse for its own negligence". The Court, stating that loss of control was a "generalized concept", held the burden was on defendant "to go forward with the evidence to prove not merely its own loss of control but that the *loss of control* was *excusable"*.[1]

In the same case the Supreme Court said that when violation of a statutory standard is shown, the one charged has the burden of going forward with the evidence to show excuse or justification. *"When he does so,* he thrusts upon the other party the burden to obtain a finding that the violation was negligence under the common law standard".

■ The defendants' evidence here did not reach that state so as to thrust upon the other party the latter burden. The finding (and undisputed showing) of the statutory violation established negligence. Texas Co. v. Betterton (1936), 126 Tex. 359, 88 S.W.2d 1039, 1040. The question of the breach of a common law standard was consequently never reached.[2]

■ If the record ended at this juncture plaintiffs would be entitled to judgment. But the jury found the collision was the result of an unavoidable accident, not "proximately caused by the negligence of any party to the event". The evidence supports the finding. Blanton v. E. & L. Transport Co. (1948), 146 Tex. 377, 207 S.W.2d 368, id., Tex.Civ.App., 203 S.W.2d 312; Reichek v. Zehner (Tex.Civ. App.1966, writ ref. n. r. e.), 404 S.W.2d 670; Vergauwen v. Parsons (Tex.Civ.App.1956) 294 S.W.2d 863; Winn v. Taylor (Tex. Civ.App.1937) 111 S.W.2d 1149; Blasberg v. Cockerell (Tex.Civ.App.1952) 254 S.W. 2d 1012, 1015, syl. 4 and cases cited.

■ In this posture of the record there is an irreconcilable or fatal conflict in the findings of the jury which precludes rendition of judgment for either party A.B. C. Stores v. Taylor (1941), 136 Tex. 89, 148 S.W.2d 392; Bradford v. Arhelger (1960), 161 Tex. 427, 340 S.W.2d 772.

■ Plaintiff in oral argument urges us to hold that the findings as to driving on the wrong side of the road control and supersede the unavoidable accident finding on the theory, as we understand it, that a finding of negligence per se takes priority over one concerning common law negligence; therefore, it is argued, the court properly disregarded the finding of unavoidable accident. We reject the contention. "There is no priority of findings, either in degree or importance". Pearson

---

1. Our italics throughout the opinion.

2. In oral argument and in their brief the position is taken by plaintiffs that the rule announced in Hammer v. Dallas Transit Co., above, has been changed, and that by the decision in Christy v. Blades (Tex.Sup.1969) 448 S.W.2d 107, the rule as to the burden of obtaining a finding has been altered so that a "finding of common law negligence is necessary only if a legal excuse for the violation is established by the evidence as a matter of law or by a finding of fact". The opinion in Christy v. Blades announced a rule which was limited to "impossibility of compliance" with a specific statute. It did not overrule Hammer v. Dallas Transit Co., above. It emphasized that "Whatever the rule may be in other situations and under the different statutes", where there are findings of statutory violation, the *impossibility* issue is not properly submitted by an issue as to ordinary care. "A negative answer to the usual negligence issue is not a finding that it was *impossible"* to comply with the statute. The opinion does not affect the present case, where "impossibility" is not the issue.

v. Doherty (1944), 143 Tex. 64, 183 S.W.2d 453.[3]

We do not reach appellees' cross-points, since we do not render judgment.

The judgment is reversed and the cause remanded.

---

3. Defendants (apparently anticipating we would hold the failure of plaintiff to obtain a common law negligence finding had the effect of vitiating the finding as to driving on the wrong side of the road, and seeking a rendition of judgment on appeal rather than remand) state they desire to waive any conflict which exists. This they cannot do. Little Rock Furniture Mfg. Co. v. Dunn (1949), 148 Tex. 197, 222 S.W.2d 985, 991, syl. 16.