Katherine L. THOMAS, Appellant,

v.

Benny E. SARRETT et al., Appellees.

No. 810.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 17, 1974.

Rehearing Denied Feb. 28, 1974.

Robert E. Brunkenhoefer, Edwards, Stone & DeAnda, Corpus Christi, for appellant.

B. Mills Latham, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is an automobile collision case. Mrs. Katherine L. Thomas brought suit against Benny E. Sarrett and wife, Jewell B. Sarrett, to recover damages for bodily injury sustained by her when an automobile, in which she was riding as a passenger and then being driven by J. E. Taylor, collided with an automobile that was being driven by Mrs. Sarrett.

The jury, with respect to this appeal, found that Mrs. Sarrett failed to keep a proper lookout (Special Issue No. 1), but that such failure was not a proximate cause of the collision (Special Issue No. 2); that she failed to make such application of the brakes as a person using ordinary care would have made (Special Issue No. 3), but that such failure was not a proximate cause of the occurrence in question (Special Issue No. 4); and, that the collision was the result of an unavoidable accident (Special Issue No. 10). A take nothing judgment was rendered. Mrs. Thomas, plaintiff-appellant, has appealed. We affirm.

Plaintiff's three points of error assert that the jury's answers to the aforesaid proximate cause issues (Special Issues Nos. 2 and 4) and to the unavoidable accident issue (Special Issue No. 10) are each against the overwhelming weight and preponderance of the evidence. We are, therefore, required to consider and weigh all of the evidence presented by the record, including evidence which tends to prove the existence of vital facts as well as evidence which tends to disprove their existence. If a jury's finding, considering all of the evidence of probative value, is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, we should sustain the point and reverse the judgment of the trial court and remand the cause for a new trial. Otherwise, this court should overrule the point, and affirm such judgment. In re King's Estate, 150 Tex. 662, 244 S. W.2d 660 (1951); Southern Pacific Company v. Stanley, 473 S.W.2d 52 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n. r. e.). We are required to balance substantial evidence that supports the fact finding against substantial evidence that is against the finding, and thereby determine whether the great weight and preponderance of the evidence is in favor of or against such finding. Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958); Gonzalez v. Layton, 429 S.W.2d 215 (Tex.Civ.App.—Corpus Christi 1968, n. w. h.).

The collision occurred in the afternoon of September 10, 1971, in the City of Beeville, Texas, in the intersection of Buchanan and Crockett Streets. The Taylor car was travelling east on Crockett Street, a two-way street, and the Sarrett car was proceeding north on Buchanan Street, which is one-way south to the south of Crockett and two-way to the north thereof. Mrs. Sarrett left the school where she was employed at about 3:20 p. m. on the day of the accident; school was dismissed early due to the approach of Tropical Storm "Fern". Mrs. Sarrett volunteered to take a student home. She let the student out at the student's home on Stamper Street, and then proceeded east along Stamper to its intersection with Buchanan. That intersection is "dead-end", which, of necessity, required all traffic proceeding east on Stamper to turn either to the right or left when it reached Buchanan. Mrs. Sarrett

turned to her left and travelled north (the wrong way) along Buchanan, entered the intersection of Crockett and Buchanan, and was struck by the Taylor car while she was in the intersection. Her car was hit in the area of the left front door by the right front of the Taylor car. The Sarrett car entered the intersection first. The exact point of impact was not established, but the right front of the Sarrett car was in the north half of Crockett when it was hit.

Mrs. Sarrett testified that when she left the school she did not know the name of the street she was travelling; that she followed the simple directions which were given her by the student passenger; and that the weather conditions were such that she devoted her full attention to the roadway. There was no sign at the intersection of Buchanan and Stamper to indicate that Buchanan, at that place, was a one-way street; there was, however, such a sign approximately thirty feet south of the intersection of Buchanan and Crockett, but Mrs. Sarrett said that she did not see it; she was not aware at the time of the occurrence that she was driving the wrong way on a one-way street. The jury found that such driving was not negligence. No complaint is made of that finding.

Mrs. Sarrett further testified that it was raining hard at all times from the time she left school until the accident, and that the rain, accompanied by high winds, restricted her visibility. There was testimony from a naval officer, who was stationed at the Naval Air Station, Chase Field, Beeville, Texas, concerning the Navy's weather records for September 10, 1971. Those records revealed that from 3:15 p. m. to 3:56 p. m. on the day of the collision, there was fog, moderate to heavy rain, and winds from 20 to 30 nautical miles per hour, with gusts up to 41 nautical miles per hour. Apparently, the accident occurred at approximately 3:42 p. m.

Mrs. Sarrett could not state precisely the extent of visibility at the time of the collision, other than that her visibility was poor and was restricted by hard rain. She first saw the Taylor car when it was from ten feet to less than a car length away, and that "the rain was coming so hard you would almost have to be right together to see each other".

Mrs. Thomas testified that a moderate mist was falling at the time of the accident, that visibility was good and that the collision happened during one of the "lulls" that occur during "tropical storms". She admitted that it had been raining hard at various times before the wreck took place.

Officer Franco, the investigating officer, stated that a steady, light rain was falling when he arrived (a few minutes after the collision) at the scene of the wreck, and the wind was blowing from fifteen to twenty miles per hour. According to his testimony, the weather conditions at the time in question did not materially affect visibility. He did not remember whether there had been any change in the intensity of weather conditions prior to the accident. He did not make any measurements at the scene because of the rain. He further testified that part of Tropical Storm "Fern", or the effects of the storm, may have reached Beeville, and that he "would imagine", although he did not remember, that "there was a heavy rain during the storm".

The widths of Buchanan and Crockett Streets were not shown by the evidence. Neither car laid down skid marks. Mrs. Sarrett, at the time she entered the intersection, was driving at between 10 and 15 miles per hour, and was moving from 14.7 feet to 22.1 feet per second. The record is silent with respect to the speed of the Taylor car as it entered the intersection. The only evidence relating to the speed of the Taylor vehicle is found in Mrs. Thomas' testimony to the effect that Mr. Taylor, shortly before reaching the intersection, slowed down and down-shifted gears in order to allow some dogs to cross Crockett, and then shifted into a higher gear and accelerated as he entered the intersection. Mr. Taylor did not testify, but

from a statement which he made to Mrs. Thomas immediately preceding the collision, he did not see the Sarrett car until just before the impact and after it (the Sarrett car) had already entered the intersection. Mrs. Thomas, who was riding in the front seat of the Taylor car, testified that the Sarrett car was already in the intersection when she first saw it, and that there were three other cars behind Mrs. Sarrett (which were also driving the wrong way on Buchanan) that "cut out" around the wreck. None of the three cars stopped, and none of the drivers testified.

In addition to Mrs. Sarrett's testimony that darkened skies, hard rains and high, gusty winds restricted her visibility, there is also evidence that the field of vision between the Taylor car and the Sarrett car was impaired, if not blocked, by a telephone booth, which was located at the southwest corner of the intersection of Buchanan and Crockett.

Mrs. Sarrett tried to pull her car to the right immediately after she saw the Taylor car, but was unable to do so in time to avoid the collision. She said that she did not have time to apply her brakes.

■ It is well settled that a failure to keep a proper lookout can only be deemed a proximate cause of an accident when the keeping of such lookout would have prevented the accident. Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049 (1905); Cannady v. Dallas Ry. & Terminal Co., 219 S.W.2d 816 (Tex.Civ.App.— Fort Worth 1949, n. w. h.). This rule has been consistently followed by our courts.

The fact that a collision occurs does not, of itself, establish negligence or proximate cause. Adams v. Ramer, 358 S.W.2d 638 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.); Firestone Tire & Rubber Co. v. Rhodes, 256 S.W.2d 448 (Tex.Civ. App.—Austin 1953, writ ref'd n. r. e.).

■ The question of whether an act of negligence was a proximate cause of an

occurrence is to be resolved by the trier of facts. Clark v. Waggoner, 452 S.W.2d 437 (Tex.Sup.1970). The two essential elements of proximate cause are cause in fact and foreseeability, both of which must be shown to exist. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961).

■ The "cause in fact" element of proximate cause is missing in this case. The act or omission must be one but for which the accident or injury would not have occurred. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951); Ussery v. Ewell Hodges, Inc., 417 S.W.2d 332 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.). "There must be a cause in fact—a cause which produces an event and without which the events would not have occurred". Baumler v. Hazelwood, supra. There is no evidence in the record that Mrs. Sarrett, under existing conditions, could have or should have seen the Taylor automobile before the time which, according to the uncontroverted evidence, she did see it. There is no evidence that the driver of the Taylor car knew that Buchanan was one-way for southbound traffic from the intersection to the south or that he relied on such a fact. No witness testified as to the speed of the Taylor automobile, its distance from the intersection when the Sarrett car began crossing Crockett, or the widths of either the two streets. The jury would have to speculate on those factors in order to determine whether Mrs. Sarrett could have avoided the accident if she had kept a proper lookout or had made a proper brake application. When all of the evidence is considered and weighed, the jury's findings that neither the failure to keep a proper lookout nor the failure to make a proper brake application was a proximate cause of the accident is not against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Plaintiff's first and second points of error are overruled.

■ Mrs. Sarrett, among other defenses, pleaded that the collision was the result of

an unavoidable accident. The evidence raised that issue and the trial court was required to submit it. Kuykendall v. Doose, 260 S.W.2d 435 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.); Vergauwen v. Parsons, 294 S.W.2d 863 (Tex.Civ.App.—Waco 1956, n. w. h.); Winn v. Taylor, 111 S.W.2d 1149 (Tex.Civ.App.—Austin 1937, n. w. h.).

 As has already been summarized, the accident occurred during the approach of a tropical storm. There is evidence that there was hard rain and strong winds at times, and "lulls" at other times. There is a clear inference that part of Beeville was hit by the storm at about the time of the collision. The weather conditions made driving hazardous. There was evidence of an obstruction (the telephone booth) that impaired the view of both drivers as they approached the intersection. The streets were wet, and it was actually raining at the time of the collision. There is evidence that for some reason Mr. Taylor did not see the Sarrett car until just before impact, even though the Sarrett car entered the intersection first. There is substantial evidence that visibility was such that the accident could not have been avoided even if both Mrs. Sarrett and Mr. Taylor had kept a proper lookout, and even if each had taken evasive action to avoid the collision that a normal driver would have taken under the same or similar circumstances. We hold that there is evidence to support the finding on the issue of unavoidable accident. Rainey v. Mc-Millian, 271 S.W.2d 103 (Tex.Civ.App.—Waco 1954, writ dism'd). The fact that the evidence was conflicting on whether the weather conditions existing at the time of the accident impaired visibility merely made a fact issue to be determined by the jury.

There is ample evidence that the accident is explicable on some basis other than the negligence of either driver of the vehicles involved; under conditions existing, the accident could have happened even if all parties to the collision exercised the degree of care required by law. See Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944 (1935); Dallas Ry. & Terminal Co. v. Darden, 38 S.W.2d 777 (Tex.Comm'n App.1931); Blasberg v. Cockerell, 254 S.W.2d 1012 (Tex.Civ.App.—Amarillo 1952, n. w. h.). A consideration of all of the evidence compels us to hold that the jury's finding that the collision was the result of an unavoidable accident is not against the overwhelming weight and preponderance of the evidence. Plaintiff's third point of error is overruled.

The judgment of the trial court is affirmed.